**In the Matter of Eloise Gill RAMSDEN, Involuntary Debtor.**

**Bankruptcy No. 80–01736A.**

United States Bankruptcy Court, N. D. Georgia.

Nov. 3, 1981.

Douglas R. Daum, Hall, White & Daum, Atlanta, Ga., for debtor.

John Genins, Atlanta, Ga., for defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

After notice, review of the evidence and testimony given at the hearing held on Petitioner James D. McClure's Involuntary Petition and the Motion to Alter and Amend the Dismissal, and the Application of Eloise Ramsden, the alleged Title 11 United States Code debtor, for attorney's fees, bond, costs, damages and punitive damages,

IT IS HEREBY ORDERED AND ADJUDGED:

### I.

That the Creditor's Motion to Alter and Amend the Dismissal is denied.

### II.

The petition of the alleged Title 11 debtor is allowed.

## DISCUSSION

The Petition for Involuntary Order for Relief filed under 11 U.S.C. § 303 and the Motion to Alter and Amend the Dismissal of the above petition was filed without the support of any provision of the Bankruptcy Code 11 U.S.C. § 101 et seq. The petition for involuntary relief was previously dismissed by this court. The Plaintiff's claim is founded on a judgment against this debtor which is less than the minimum $5,000.00 required by 11 U.S.C. § 303(b)(1). The Plaintiff's petition is not supported by any other petitioning creditors as required by 11 U.S.C. § 303(b)(1).

The attorney who filed the involuntary petition for the judgment creditor and now this Motion to Alter and Amend the Dismissal admitted at the hearing on the Motion that he had probably failed to consult the Bankruptcy Code statute before filing the petition for involuntary relief and the Motion to Amend the Dismissal. He stated that if he in fact had read it, he construed it to support the petition of only one creditor and a debt of less than $5,000.00. He continued to argue this interpretation of the statute at the hearing on the Motion.

The court finds and concludes that both the Petition and the Motion of creditor were frivolous, without legal justification, and filed in "bad faith" as contemplated by 11 U.S.C. § 303(i)(2). The debtor has moved for damages as expressly provided for under the statute which provides:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs;

(B) a reasonable attorney's fee; or

(C) any damages proximately caused by the taking of possession of the debtor's property by a trustee appointed under subsection (g) of this section or section 1104 of this title; or

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages. 11 U.S.C. § 303(i)(1) and (2) (1979).

The Senate and House Reports relative to § 303(i) are identical:

Subsection (i) permits the court to award costs, reasonable attorney's fees, or damages if an involuntary petition is dismissed other than by consent of all petitioning creditors and the debtor. The damages that the court may award are those that may be caused by the taking of possession of the debtor's property under subsection (g) or section 1104 of the bankruptcy code. In addition, if a petitioning creditor filed the petition in bad faith, the court may award the debtor any damages proximately caused by the filing of the petition. These damages may include such items as loss of business during and after the pendency of the case, and so on. "Or" is not exclusive in this paragraph. The court may grant any or all of the damages provided for under the provision. Dismissal in the best interests of creditors [sic] under section 305(a)(1) would not give rise to a damages claim. H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 324; S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) 34, U.S.Code Cong. & Admin.News 1978, p. 5787.

The enlightening instruction of the legislative history is that Congress did not intend that the term "or," used three times in § 303(i), be exclusive. The damages allowed may be alternatively or cumulatively assessed. Costs and reasonable attorney's fees listed in § 303(i)(1) are clearly included within the (i)(2)(A) damages proximately caused by the filing, and, equally clearly, (i)(2)(B) punitive damages may be added thereto.

Costs and damages in this case are not great but are difficult to measure. The Debtor has been brought into court on one occasion, has appeared for a deposition which required conferences with her attorney and had to travel to her attorney's office and to this court. Yet, the Debtor has shown no specific costs of travel and appearance which if shown this court would award.

In addition, a bad faith filing is clear in this case and therefore an award of both damages proximately caused to debtor or some punitive award of damages is merited.

The facts of this case require the court to award the Debtor court costs and reasonable attorney's fees and damages.

The court finds no authority to assess the costs and damages against the attorney whose acts of omission and commission caused these frivolous actions to be filed and heard. The judgment authorized under the statute seems directed only against offending petitioners.

### JUDGMENT

(1) The court finds that reasonable attorney's fees in the amount of $635.00 were incurred by the Debtor solely in the defense of this Involuntary Petition and Motion. The sole petitioning creditor, James D. McClure, is hereby ordered to pay to the law firm of Hall, White & Daum, on behalf of the Debtor, Eloise Gill Ramsden, the sum of $635.00 as attorney's fees as proved by the evidence at the hearing.

(2) The petitioning creditor has paid the cost of filing the petition. No filing fee was required for this Motion. However, the court has incurred court reporter's costs to report and transcribe the hearings on this debtor's Answer and the creditor's Motion to Alter and Amend the Judgment. 11 U.S.C. § 303(i)(2). Therefore, it is further ordered that the petitioning creditor shall pay to the Registry of this court the cost of reporting the above hearings, to wit: $67.50 for the hearing on September 15, 1980 and $52.50 for the hearing on January 12, 1981, and any transcription costs on any appeal. The payment shall be made to the Clerk of the United States Bankruptcy Court for the Northern District of Georgia.

(3) The court awards as punitive damages the sum of $317.50, which is an amount equal to one-half (½) of the attorney's fee awarded to the Debtor Eloise Ramsden. 11 U.S.C. § 303(i)(2)(B). The petitioning creditor, James D. McClure, is hereby ordered to pay the sum of $317.50 to Eloise Ramsden as punitive damages.

(4) The awards of costs and damages shall be paid on or before thirty days from the filing of this order.

IT IS SO ORDERED.