In re George Harry SMITH and Donna Rae Smith, Debtors.

Dominic MAZZOCCO and Martha Mazzocco, Plaintiffs,

v.

George Harry SMITH and Donna Rae Smith, Defendants.

No. B–87–4279–PCT–GBN.

Adv. No. 87–570–GBN.

United States Bankruptcy Court, D. Arizona.

Feb. 2, 1988.

Ted B. Bowen, Yuma, Ariz., for plaintiffs.

Robert P. Davidson, Lake Havasu City, Ariz., for debtors.

## ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

Plaintiffs have filed an adversary complaint seeking to determine the dischargeability of a $31,139.22 debt pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). Plaintiffs also seek denial of debtors' Chapter 7 discharge under 11 U.S.C. § 727. No factual allegations are specified in the complaint concerning either the alleged wrongful acts or the specific provisions of § 727 under which plaintiffs are proceeding.

Debtors/Defendants moved to dismiss for failure to state a claim, for a more definite statement and for sanctions.

At least two of the cited dischargeability sections implicate fraud by a bankruptcy debtor. 11 U.S.C. § 523(a)(2), (4). The circumstances constituting fraud are to be stated with particularity—other than malice or intent which may be generally averred. Rule 7009(b), *F.Bk.R.* This plaintiffs have not done.

Further, although § 727 contemplates ten independent grounds for discharge denial in subsection (a), the complaint fails to identify either the specific subsection relied upon or the underlying facts which support such grounds.

Accordingly, plaintiffs will be required to promptly amend their complaint to cure these defects.

Defendants seek fees and costs as a sanction under Rule 9011(a). Under that Rule, counsel's signature constitutes a certificate he or she has read the pleading and to the best of the attorney's knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact, warranted by existing law, and not interposed for delay. This rule creates an affirmative duty to investigate both law and facts prior to filing pleadings. It additionally creates an objective standard of reasonableness, more stringent than the former good faith rule, such that a greater range of circumstances will trigger its violation. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986).

■ The rule is applied in two circumstances: Where the papers are frivolous, legally unreasonable or without factual foundation or where the pleading is filed for an improper purpose. *Golden Eagle, supra* at 1537–38.

■ In the present case, while debtors suggest an improper purpose for filing, this has not been established. As to the first factor, plaintiffs' "bare bones" complaint cannot be held as a matter of law to be advancing a claim with "absolutely no chance of success" at this early stage of the litigation. *See Golden Eagle, supra* at 1538, citing *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985).

Defendants' successful motion for a more definite statement is part of the contemplated ebb and flow of litigation. *See* Rule 12(e), *F.R.Civ.P.;* Rule 7012(b); *F.Bk. R.* There is no indication a successful 12(e) motion creates a sanction award as a matter of course. I have not been persuaded that the facts of this particular case mandate an award. Accordingly, the sanction request is denied.

IT IS ORDERED, no later than ten days from the date of this order, plaintiffs will file and serve an amended complaint which specifies, with particularity, the acts which are alleged to constitute violations of the relevant sections of §§ 523(a) and 727(a). The complaint will further identify, with particularity, the subsections of §§ 523(a) and 727(b) alleged to be violated.

If such an amended complaint is not filed and served within ten days, defendants will lodge an order dismissing the complaint and adversary proceeding. Rules 12(e), 7012(b), *supra.*