In re Ernest H. CLUETT, II, and Mary L. Cluett, Debtors.

**Bankruptcy No. 87–5442–9P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 22, 1988.

William G. Whitcomb, Fort Myers, for debtors.

Chris Larimore, Brandenton, Fla., Trustee.

Brenda Smith, personal representative of the Estate of Deanna Krystyniak c/o Robert C. Hill, for movant.

ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 13 case and the matter under consideration is a Motion filed by Brenda Smith, as Personal Representative of the Estate of Deanna Krystyniak (Smith), who seeks an imposition of sanctions on Mr. and Mrs. Cluett (Debtors). The Motion is based on Bankruptcy Rule 9011 and alleges that the Debtors, by signing their Motion to Convert their Chapter 11 case to a Chapter 13 case, willfully and knowingly violated the certification rule. The underlying facts which appear from the record and which are without dispute are as follows:

On October 8, 1987, the Debtors filed their petition for relief under Chapter 11. On November 6, 1987, Smith filed a Motion to Dismiss the Chapter 11 case claiming that the petition was filed in bad faith. The Motion was heard in due course on March 19, 1988, and this Court having concluded that the petition was, in fact, filed in bad faith, granted the Motion but gave the Debtors 10 days to voluntarily convert their case to a Chapter 7 and if they did not, the case would be dismissed. The Order of Dismissal found, inter alia, that the Debtors are not engaged in any business; they have no meaningful debts other than the claim asserted by Smith; and their petition was filed for the sole purpose of preventing Smith from completing an already commenced foreclosure action against property owned by the Debtors. The Schedule of Liabilities filed with the petition in the Chapter 11 scheduled the claim of Smith in the amount of $206,-000.00, plus interest. It is without dispute that on September 12, 1987, Smith obtained a final judgment against the Debtors in the principal amount of $412,000.00, which judgment is challenged by Debtors and is still on appeal.

On March 24, 1988, the Debtors filed a Motion to Convert their Chapter 11 case to a case under Chapter 13, which Motion was signed by Alfred Johnson as counsel for the Debtors, having replaced William Whit-comb, who withdrew as counsel for the Debtors.

The Motion stated, inter alia, that the Debtors were eligible for relief to file under Chapter 13. The Schedule of Liabilities filed by the Debtors indicated that their unsecured debts totalled $89,887.78, notwithstanding the fact that Debtors' counsel was fully aware of the outstanding judgment against the Debtors in the amount of $412,000.00. It is not difficult to infer that the reason the attorney and the Debtors scheduled the claim of Smith only in the amount of $89,887.78 was to meet the eligibility requirement of § 109 of the Bankruptcy Code which limits the unsecured obligations of a Chapter 13 debtor to $100,-000.00.

The Debtors through their counsel concede the facts as recited are true, but contend that Debtors acted in good faith in reliance on advice of counsel who advised them that they would be eligible for relief under Chapter 13 because the claim was unliquidated and contingent, thus represented no impediment to their right to seek relief under Chapter 13.

This argument is based on the proposition urged by counsel for the Debtors that the judgment obtained by Smith was on appeal, and for this reason, under some theory became an unliquidated contingent debt because of the pendency of the appeal, thus, excluded from the computation of the unsecured or secured debts required by § 109(e). Citing the case of *Smith v. Martinez*, 51 B.R. 944 (Bankr.Colo.1985).

Even a cursory reading of *Smith v. Martinez* leaves no doubt that counsel's reliance on this case is totally misplaced and furnishes no support for the proposition urged by counsel. First, *Smith v. Martinez* did not involve at all the question of the Debtors' eligibility to be debtors under Chapter 13 but involved only the dischargeability of a debt—in addition to an attempt by a creditor to revoke the debtor's general bankruptcy discharge. It is true that in *Martinez* there was some peripheral reference by way of dicta to the eligibility for relief under Chapter 13. This reference was due to the fact that when the Chapter

13 case was filed, the additional new claims of the Plaintiffs were in fact contingent and unliquidated, therefore, they were properly excluded from the computation of the total in determining the eligibility that Debtors have relief under Chapter 13.

In the present instance, the judgment obtained by Smith clearly represents a liability which is fixed and which is noncontingent and remains a final and enforceable judgment until it is reversed, if ever, upon appeal. Moreover, it ill behooves these Debtors and counsel for the Debtors to schedule the debt owed to Smith in the amount of $89,887.78 when in fact they both very well knew that the judgment was entered in the amount of $207,200.00 in the principal amount, which ever since the entry of the judgment earned the legal rate of interest. The fact of the matter is that they themselves scheduled this obligation in their Schedule of Liabilities submitted in conjunction with the original Chapter 11 petition in the amount of $206,000.00.

█ Based on the foregoing, there is no question that these Debtors did violate the certification rule imposed by Bankruptcy Rule 9011 and ordinarily they would be subject to appropriate sanctions. However, inasmuch as a determination of the question of whether or not a Debtor is or is not eligible for relief under Chapter 13 is a pure legal one for which these Debtors certainly are not expected to be able to furnish an answer. While it is true that they themselves knew the amount of the judgment entered against them, they are not expected to be familiar with the legal effect of an appeal on a judgment and especially whether or not the appeal itself would transfer a fixed noncontingent obligation of a debt represented by a final judgment entered by a court of competent jurisdiction into a contingent unliquidated claim just because of the pendency of the appeal. Based on the foregoing, this Court is satisfied that under the circumstances, it would be inappropriate to impose sanctions on these Debtors.

█ This leaves for consideration the question which is not formally presented for this Court's consideration, that is what sanctions, if any, should be imposed on counsel of record for the Debtor for a clear violation of Bankruptcy Rule 9011. It can not be gainsaid that Bankruptcy Rule 9011 permits an imposition on the Court's own initiative to impose sanctions on an attorney who signed a document in violation of the certification rule. There is no doubt in this case that Mr. Johnson knew that the judgment which was entered against his clients was in excess of statutory ceiling for eligibility under § 109 of the Bankruptcy Code. As noted earlier, Mr. Johnson knew the Debtors themselves scheduled this debt in excess of the statutory ceiling in the amount of $207,000.00, plus interest. Thus, it is clear that that fact alone made it evident that these Debtors are not eligible for Chapter 13 relief unless the proposition urged by counsel of record has any support whatsoever either in the Code itself or in case law which has interpreted this section. The only case cited by counsel for the Debtors is *Smith v. Martinez, supra,* the case discussed earlier. As noted, this case furnishes scant, if any, support for the proposition that the mere pendency of appeal of a judgment which has not been stayed transfers a fixed obligation into an unliquidated contingent obligation when determining the eligibility of a debtor for Chapter 13 relief under § 109 of the Bankruptcy Code. Thus, it is evident the proposition urged by Mr. Johnson was not well grounded in fact, warranted by existing law or that a good faith argument could be made to extend, modify or reverse the existing law on the eligibility requirements.

For these reasons, the Court is satisfied that Mr. Johnson did violate the letter and the spirit provided for under Bankruptcy Rule 9011.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that pursuant to Bankruptcy Rule 9011, the Motion for Sanctions is hereby imposed on counsel for the Debtors, Mr. Alfred Johnson, who shall pay the sum of $500.00 to counsel for Smith within 30 days of the date of entry of this Order.