In re EXCHANGE NETWORK
CORPORATION, Debtor.

Ronald W. STOCK, Appellant,

v.

EXCHANGE NETWORK CORPORA-
TION, Debtor/Appellee.

Civ. A. No. 88–Z–652.
Bankruptcy No. 87 B 04107 M.

United States District Court,
D. Colorado.

Oct. 26, 1988.

Ronald W. Stock, Ron Stock, P.C., Engle-wood, Colo., pro se.

Gary A. Bottinelli, Morrison, Colo., for debtor/appellee.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

This is a bankruptcy appeal in which the sole issue presented is whether a Court can assess attorneys fees against *counsel* for petitioners, as opposed to petitioners themselves, pursuant to 11 U.S.C. § 303(i)(1). Appellant Ronald Stock is an attorney who represented certain petitioners that filed a verified petition for involuntary bankruptcy against proposed debtor Exchange Network Corporation (ENC). After a hearing on the merits, the Bankruptcy Court dismissed the involuntary petition.

Thereafter, Bankruptcy Judge Sidney B. Brooks ruled that ENC was entitled to attorneys fees pursuant to 11 U.S.C. § 303(i)(1), which provides:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee....

Judge Brooks awarded attorneys fees to ENC in the amount of $4,630.00, and further ordered that the petitioners were jointly and severally liable for one half of the assessed attorneys fees, while appellant was personally liable for the other half, or $2,315.00. In assessing attorneys fees against appellant, Judge Brooks concluded that appellant was at least partially responsible for the improper decision to file the petition, and therefore should bear responsibility for a portion of the attorneys fees. *In re: Exchange Network Corporation,* 85 B.R. 128, 132–33 (Bankr.D.Colo.1988) (hereinafter Opinion and Order).

On appeal, appellant contends that § 303(i)(1) permits an award of attorneys fees only against "petitioners," and *not* against counsel for petitioners. Appellant cites two cases to support this proposition. *Walden v. Bright Products, Inc.,* 781 F.2d 1121 (5th Cir.), *r'hg after remand,* 787 F.2d 174 (5th Cir.1986); *Matter of Ramsden,* 17 B.R. 59 (Bankr.N.D.Ga.1981). The Court has reviewed these cases, as well as the briefs, the case file and other relevant case law. Based on this review, the Court concludes that § 303(i)(1) permits a Court to assess attorneys fees against both petitioners and petitioners' counsel.

Although the language of § 303(i)(1) does not explicitly permit a Court to award attorneys fees against counsel for petitioners, it implicitly permits such action. It is well settled in the Tenth Circuit that when a trial Court is considering the imposition of sanctions in the more general discovery or trial context, the Court must make an effort to determine where the fault lies, and then impose sanctions accordingly. *See e.g. M.E.N. Co. v. Control Fluidics,* 834 F.2d 869, 873 (10th Cir.1987); *Smith v. United States,* 834 F.2d 166, 171 (10th Cir. 1987); *Woodmore v. Git–N–Go,* 790 F.2d 1497, 1498 (10th Cir.1986). As the Court in *M.E.N. Co.* stated, "if the fault lies with the attorneys, that is where the impact of the sanction should be lodged." 834 F.2d at 873. Nationally, this has been the trend supported by strong public policy for many years. *See, e.g.,* Fed.R.Civ.P. 11, 16(f), 26(g), and Bankruptcy Rule 9011.

Although none of the above cited Tenth Circuit cases involved the interpretation of 11 U.S.C. § 303(i)(1), the clear and sound message of these cases applies in the present case. That is, regardless of the procedural context of a case, when an attorney is responsible for the filing of an improper pleading or petition, he or she must bear the financial consequences of these actions. In the present case, there is

ample evidence in Judge Brooks' exhaustive opinion that appellant was responsible for "the conscious tactic of using the Bankruptcy Court as a debt collection device." Opinion and Order at 12. When considering the extreme and potentially damaging step of filing an involuntary petition, an attorney should investigate the case first before filing the petition, and not vice versa. Appellant failed to conduct an adequate investigation before filing the petition, and this is only one of a number of reasons which Judge Brooks cited to support the imposition of attorneys fees against appellant. Accordingly, in consideration of the aforementioned Tenth Circuit cases as well as appellant's conduct, the Court concludes that the logical interpretation of § 303(i)(1) permits the imposition of attorneys fees against appellant as well as appellant's clients.[1]

Even if § 303(i)(1) did not permit the imposition of attorneys fees against appellant, Judge Brooks' assessment of some attorney's fees against appellant under § 303(i)(1) is harmless error. Although Judge Brooks premised his imposition of attorneys fees against appellant on § 303(i)(1), he noted, and this Court agrees, that it would be "appropriate and justified" for the Court to award attorneys fees against appellant pursuant to Bankruptcy Rule 9011 and/or 28 U.S.C. § 1927. *Id.* at 13, n. 8. As such, even if § 303(i)(1) is not broad enough to allow attorneys fees to be assessed against an attorney, there are other bases for imposing attorneys fees against appellant.

Based on the foregoing, it is

ORDERED that the Opinion and Order of April 14, 1988, of Bankruptcy Judge Sidney B. Brooks is affirmed. It is

FURTHER ORDERED that judgment is entered in favor of debtor/appellee Exchange Network Corporation and against appellant Ronald W. Stock for dismissal. It is

FURTHER ORDERED that appellant's Motion For Rehearing is denied.

---

1. The two cases which appellant cites to support his contention that Judge Brooks erred in assessing attorneys fees against him are not persuasive. In *Walden v. Bright Products, Inc., supra,* the Fifth Circuit discussed § 303(i), but this Court does not interpret *Walden* as standing for the proposition that § 303(i) permits a Court to impose attorneys fees *only* against petitioners.

*Matter of Ramsden, supra,* is a Bankruptcy Court case from the Northern District of Georgia in which the Bankruptcy Court did in fact find that § 303(i)(1) permits an award of attorneys fees only against petitioners. 17 B.R. at

61. However, Bankruptcy Court decisions are authority only insofar as their reasoning is persuasive. In *Ramsden,* there is no discussion of why § 303(i)(1) prohibits the imposition of attorneys fees against counsel for petitioners. Rather, there is merely a conclusory statement that there is no authority to assess attorneys fees against counsel for petitioners under § 303(i)(1). *Id.* This Court finds that there is authority in the Tenth Circuit to impose attorneys fees against appellant under § 303(i)(1), and disagrees with the conclusion reached by the Bankruptcy Court in *Ramsden.*