**In re R. AND D. GROUP, INC., Debtor.**

**Bankruptcy No. 2–91–08216.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 29, 1992.

Theodore R. Saker, Sr., Columbus, Ohio, for debtor.

Myron N. Terlecky, Strip, Fargo, Schulman & Hoppers Co., L.P.A., Daniel F. Ryan, Campbell, Hornbeck, Chilcoat & Veatch, Columbus, Ohio, for D. & H. Manufacturers, Inc. Non–Integrated Defined Pension Plan & Trust.

Charles M. Caldwell, Office of the United States Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER ON MOTION FOR SANCTIONS UNDER RULE 9011

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Introduction*

This matter is before the Court following a hearing on a motion for sanctions under Fed.R.Bankr.P. ("Rule") 9011. The motion, filed by D. & H. Manufacturers, Inc. Non–Integrated Defined Pension Plan & Trust ("D & H") was opposed by the debtor, its principals and its attorney. A Motion for Relief After Judgment and Memorandum Contra Motion for Sanctions was filed by the debtor on January 21, 1992. An evidentiary hearing was held on January 23, 1992.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(2)(A).

### II. *Findings of Fact*

R. and D. Group, Inc. ("R & D") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 31, 1991. On November 4, 1991, D & H filed a motion to dismiss the Chapter 11 case, a motion for relief from the automatic stay, and a request for an expedited hearing on both motions. On November 5, 1991, the Court ordered an expedited hearing to be held on November 6, 1991, and required counsel for D & H to effect immediate telephonic notice of the hearing on the debtor, debtor's counsel, office of the United States Trustee, and creditors. Such notice was provided and the hearing was held on November 6, 1991.

Following the submission of testimonial and documentary evidence, the Court granted D & H's motions in an oral decision read from the bench. The Court also entered an order, submitted by counsel for D & H on November 6, 1991, which granted D & H relief from the automatic stay, dismissed the case, and barred the debtor from refiling a bankruptcy petition for 180 days. In the order, the Court specifically retained jurisdiction over the case for the purpose of hearing any request by D & H for sanctions under Rule 9011. A judgment entry dated November 14, 1991 reflected the Court's oral and written orders of November 6. The Court takes judicial notice of such orders and entry for purposes of this hearing. None of the Court's

orders or judgments in this proceeding have been appealed.

With respect to D & H's motion for relief from the automatic stay and motion to dismiss, the Court found that the debtor was created, and the petition filed, for the sole purpose of staying a foreclosure proceeding scheduled in Common Pleas Court for November 7, 1991, the day following the hearing on D & H's motions. At the hearing, the Court found that R & D was formed on October 21, 1991, by Richard and Dorothy Taylor, each of whom owns 50 percent of the company's common shares; that the only property owned by R & D, aside from a possible claim against various entities and individuals, is the Taylors' residence; that the residence is encumbered by a first mortgage lien in favor of D & H in excess of $85,000; that R & D has only one creditor, the county treasurer; and that R & D has no employees, bank accounts, other assets, business activities, or financial records. In finding that the petition was filed in bad faith, the Court relied upon a number of decisions addressing the so-called "new debtor syndrome." These cases provide a nonexhaustive list of factors to consider when an entity has been formed shortly before the filing of bankruptcy. Also relied upon was the in-court statement of the United States Trustee that this filing was a "sham." Having found that the facts demonstrated an improper filing, the Court dismissed the petition and granted stay relief.

D & H, represented by two law firms, incurred the following legal expenses in pursuing the motions to dismiss and for relief from the automatic stay: Strip, Fargo, Schulman & Hoppers Co.—$1,302 and Campbell, Hornbeck, Chilcoat & Veatch—$1,599. The Campbell, Hornbeck firm apparently represented D & H in the foreclosure proceeding; the Strip, Fargo firm appears to have been retained for its bankruptcy expertise. A lawyer from each firm attended both the instant hearing and the hearing on November 6, although the Strip, Fargo firm assumed the lead role in these appearances. Although both firms attended the January 23, 1992 hearing, neither has specifically requested monetary sanctions for this time.

### III. Conclusions of Law

Fed.R.Bankr.P. 9011(a) provides in pertinent part:

> Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, ... shall be signed by at least one attorney of record in the attorney's individual name,.... The signature of an attorney ... constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction,....

Rule 9011 delineates two types of sanctionable conduct: "One, '[w]here the papers are frivolous, legally unreasonable, or without factual foundation', and two, 'where the pleading is filed for an improper purpose.'" *In re Cedar Falls Hotel Properties Ltd. Partnership*, 102 B.R. 1009, 1014 (Bankr.N.D.Iowa 1989) (quoting *Mazzocco v. Smith (In re Smith)*, 82 B.R. 113, 114 (Bankr.D.Ariz.1988)) (additional citations omitted). The court is to determine appropriate sanctions.

The purpose of Rule 9011 is to deter frivolous and other improper filings, thereby streamlining federal court administration. *Wolf v. Kupetz (In re Wolf & Vine, Inc.)*, 118 B.R. 761, 767 (Bankr. C.D.Cal.1990) (citing *Cooter & Gell v. Hartmax Corp.*, 493 U.S. 1054, 110 S.Ct. 861, 107 L.Ed.2d 945 (1990)). *See also Cedar Falls*, 102 B.R. at 1014. The rule is premised on Fed.R.Civ.P. 11; law interpret-

ing Rule 11 is applicable to Bankruptcy Rule 9011. *Featherston v. Goldman (In re D.C. Sullivan Co., Inc.)*, 843 F.2d 596, 598 (1st Cir.1988).

■ The standard governing the imposition of Rule 11 sanctions in the Sixth Circuit is whether the individual's conduct was reasonable under the circumstances. *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 792 (6th Cir.1988); *INVST Financial Group, Incorporated v. Chem–Nuclear Systems*, 815 F.2d 391, 401 (6th Cir.1987), *cert. denied*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); *In re Revco D.S., Inc.*, 126 B.R. 741, 746 (Bankr.N.D.Ohio 1991). The court has wide discretion in making a determination of reasonableness. *Century Products, Inc. v. Sutter*, 837 F.2d 247, 251 (6th Cir.1988); *INVST*, 815 F.2d at 401.

What constitutes a reasonable inquiry may depend on such factors as the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member.

*Century Products*, 837 F.2d at 250–51 (citing Fed.R.Civ.P. 11 advisory committee's note). An objective standard of "reasonableness under the circumstances" is to be used. *Century Products*, 837 F.2d at 251; *INVST*, 815 F.2d at 401. *See also Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1177 (D.C.Cir.1985). Hindsight is not a relevant consideration; rather, the signor's conduct at the time the pleading, motion, or other paper was submitted is what is relevant. *Century Products*, 837 F.2d at 251 (quoting *INVST*, 815 F.2d at 401).

D & H stridently asserts that the petition was filed in bad faith and for an improper purpose. It argues that each and every indicator of bad faith enumerated in the case law was established, and that the filing of this petition was a classic and offensive violation of Rule 9011.

Richard Taylor, the debtor's president, testified, as he did at the November 6 hearing, that R & D was legitimately formed. Taylor asserted that the debtor, formed ten days prior to the filing of the petition, and an assignee of the Taylors' interest in their residence and certain alleged causes of action, intended to reorganize under Chapter 11 of the Bankruptcy Code. However, at no point did Taylor articulate any general concept of a reorganization plan, except as follows: Taylor believes that R & D holds claims worth approximately $500,000 against certain entities and individuals, one of which is D & H. It seems that Taylor envisioned a Chapter 11 filing whose sole purpose would be pursuit of these so-called claims and an eventual offset of any judgment obtained against the debtor's mortgage obligation to D & H. D & H, however, asserts that no such claims exist because they have been raised and dismissed by a court of competent jurisdiction. Taylor disagrees.

The debtor's counsel, Theodore Saker, also maintains that the petition was filed in good faith; he asserts that the debtor's claims against D & H and others would have provided monies to pay off D & H's claim against the debtor and/or its principals. However, at no point did Saker outline in even the broadest fashion the manner in which a Chapter 11 plan would be formulated or implemented.

■ Applying an objective standard of reasonableness under the circumstances, the Court can find no evidence that the debtor intended to legitimately avail itself of the protection provided by Chapter 11 of the Bankruptcy Code. The only purpose for the formation of the debtor and filing of the petition was to stop the scheduled foreclosure sale on the Taylors' residence. Richard Taylor seems sincere in his belief that Chapter 11 could be used for such purposes, which leads the Court to believe that his counsel is responsible for such belief. On the other hand, it is not reasonable to conclude that Saker, an experienced bankruptcy practitioner, truly believed that the debtor was properly invoking the jurisdiction of this Court in filing the Chapter 11 petition. When Saker signed the petition as attorney for the debtor, he knew

that its only purpose was to delay and frustrate D & H in pursuing its foreclosure proceeding in state court. Thus, despite his protestations to the contrary, the Court is unable to ascertain any reasonable basis for Saker's advice to his client that the Chapter 11 filing was proper.

■ Having found that Saker did not make a reasonable inquiry into existing facts and law, and that by signing the petition he interposed a filing for an improper purpose and to cause unnecessary delay and needless litigation, the Court must determine what sanctions are appropriate. In this case the Court finds that proper sanctions are the payment of the movant's attorneys' fees. It is not easy to determine the extent to which it was necessary that both attorneys, Myron Terlecky of Strip, Fargo, and Dan Ryan of Campbell, Hornbeck, attend the November 6 hearing. However, having reviewed the hours expended by both Ryan and Terlecky, and their hourly fees, the Court determines that they are entitled to compensation in the following amounts: Ryan—11 hours at $135/hour; Terlecky—15 hours at $110/hour. This time represents preparation and attendance at both hearings, and is a small discount of the actual time expended. The Court's analysis was guided by the well-known lodestar approach.

■ Accordingly, Saker is ordered to pay the sum of $1,650 to Strip, Fargo, Schulman & Hoppers Co. and $1,485 to Campbell, Hornbeck, Chilcoat & Veatch as and for sanctions under Rule 9011. Such payments are to be made by Saker within thirty (30) days of the entry of this order. No sanctions are ordered as against R & D, or its two principals, who apparently relied upon Saker for their interpretation of the purposes of Chapter 11 and the legitimacy of the instant filing.

Further, to memorialize the Court's decision made from the bench at the January 23 hearing, no grounds have been asserted or established for relief from judgment. On the contrary, Taylor's testimony firmly establishes that there is no basis for relief from the Court's earlier judgment, under Rule 9024 or any other provision.

IT IS SO ORDERED.

### JUDGMENT ENTRY

Judgment in the above-captioned Chapter 11 case is hereby entered in favor of D & H Manufacturers, Inc. Non–Integrated Defined Pension Plan & Trust and against Theodore Saker, Esq. on the motion for sanctions and motion for relief from judgment pursuant to an opinion and order dated January 29, 1992.

IT IS SO ORDERED.