In re SINGER FURNITURE ACQUI-
SITION CORPORATION, d/b/a
SFAC, Debtor.

No. 95–04213–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 7, 2001.

B. Gray Gibbs, B. Gray Gibbs, P.A., St. Petersburg, FL, for Debtor.

Catherine Peek McEwen, Tampa, FL, for Movant.

ORDER ON BILZERIAN'S MOTION FOR RECONSIDERATION OF AND TO ALTER OR AMEND ORDER ON MOTION FOR SANCTIONS AND OBJECTION TO PROFESSIONAL FEES AND COSTS SUMMARY OF SSMC N.V. (Doc. No. 60)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

On May 2, 1995, Singer Furniture Acquisition Corporation, d/b/a SFAC (Debtor) filed it's Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. On May 5, 1995, SSMC, Inc., N.V., (SSMC) filed its Motion to Dismiss the case as being filed in bad faith. On July 13, 1995, this Court entered an Order and dismissed the case. This Court's decision was based on a specific finding that the case was filed in bad faith and was, therefore, dismissed for cause pursuant to Section 1112(b). The Order of Dismissal was followed by numerous Motions by both parties and several Orders by the District Court relating to the initial Notice of Appeal filed by the Debtor on August 4, 1995, and the Notice of Appeal filed by SSMC on March 25, 1996. The District Court rendered its decision on the appeals September 29, 2000.

None of the numerous Motions or the Orders entered by the District Court, some of which affirmed this Court and some of which remanded the particular matter for further consideration, had any relevance to the immediate matter before this Court, which is the Motion for Reconsideration filed by the president of the Debtor, Paul Bilzerian (Bilzerian), on

March 5, 2001. Bilzerian seeks reconsideration of this Court's Order entered February 21, 2001, which imposed sanctions on the Debtor, the law firm of Gibbs & Runyan, P.A., and Paul Bilzerian jointly and severally.

SSMC's Motion for Sanctions, was heard by this Court and on February 21, 2001, this Court found that the requirement for sanctions set forth in a previous version of F.R.B.P 9011 was violated. This Court's decision was based on a finding that the Voluntary Petition filed by the Debtor under Chapter 11 was filed for the sole purpose of using this Court to litigate issues involved in then currently pending litigation between SSMC and the Debtor because it would be cheaper and more convenient for the Debtor to litigate the dispute in this court than in Virginia.

The Petition was signed by Ms. Cindy LoCicero of the law firm of Gibbs & Runyon as counsel of record for the Debtor, and by Paul Bilzerian as president of the debtor. In its Order, this Court ultimately concluded that under the inherent power of this Court and the power enunciated by the Supreme Court in the case of *Chambers v. NASCO*, 501 U.S. 32, 42–51, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *In re Mroz*, 65 F.3d 1567 (11th Cir.1995), the imposition of sanctions is proper against the law firm of Gibbs & Runyan, and Bilzerian jointly and severally for filing the Chapter 11 case in bad faith.

Having been aggrieved by the imposition of sanctions, Bilzerian filed the instant Motion for Reconsideration contending that it was improper to sanction him because the Chapter 11 case was filed by the Debtor upon the advice of Gibbs & Runyan. Further, Bilzerian contends that he, not being an attorney, should not be sanctioned for acting pursuant to an attorney's advice under applicable law dealing with the subject. In support of the Motion,

Bilzerian cites the case of *In re R. and D. Group Inc.*, 136 B.R. 163 (Bankr.S.D.Ohio 1992), decided by the Bankruptcy Court in the Southern District of Ohio. The court in *R. and D. Group*, supra, held that no sanction would be imposed on the Debtor or its principal for bad-faith filing where the Debtor and its principals relied on the advice of bankruptcy counsel's interpretation of the purposes of Chapter 11 and the legitimacy of filing the Chapter 11 Petition.

In the case of *In re Cluett*, 90 B.R. 505 (Bankr.M.D.Fla.1988), this Court held that the determination of eligibility for relief in that case under Chapter 13 was a pure legal question for which the debtors were not expected to know the answer and denied the imposition of sanctions. In the case of *In re Whiteside*, 240 B.R. 762 (Bankr.W.D.Mo.1999), the court held that, in the absence of ill-will or malice, pursuing an involuntary case upon the advice of an attorney was not sanctionable, citing, *In re Better Care*, 97 B.R. 405, 412 (Bankr. N.D.Ill.1989).

Counsel for SSMC, while recognizing the authorities cited by counsel for Bilzerian, points out that the courts are not in agreement on the point of whether reliance on advice of counsel is a defense. In the case of *In re J. Reveley*, 148 B.R. 398, 408 (Bankr.S.D.N.Y.1992), citing *In re Advance Press & Litho, Inc.*, 46 B.R. 700 (Bankr.D.Colo.1984), the court held that advice of counsel is no defense if the filing was motivated by *ill-will or malice*. In addition, counsel for SSMC also contends that even in absence of showing ill-will or malice, a party may be sanctioned because they are guilty of an unreasonable failure to conduct a pre-filing inquiry. *In re Ramsden*, 17 B.R. 59 (Bankr.N.D.Ga. 1981); *In re Wavelength*, 61 B.R. 614 (9th Cir. BAP 1986). In the present instance any pre-filing inquiry would not have been

of any significance because all relevant facts stated in the filing were true and all are undisputed facts established by the record.

In the case of *In re Dubrowsky*, 206 B.R. 30 (Bankr.E.D.N.Y.1997) the party misrepresented facts to his counsel. The Court found that there is no advice of counsel defense where the client misrepresents the facts to his counsel. Further they found that the debtor was a knowledgeable businessman who clearly had the mental capacity to understand the questions posed on the petition, and before signing a. document which was not accurate, he had an obligation to review and correct any false statements.

In its Order on Motion for Sanctions entered February 21, 2001, this Court concluded that Bilzerian, being a sophisticated businessman and a person who had been involved in a very substantial Chapter 11 case before this Court, should not be permitted to be excused because he relied on the advice of counsel. This court is still satisfied that Bilzerian is a sophisticated businessman, however the bottom line is that the interpretation of the purpose of Chapter 11 and the legitimacy of filing a Petition under this Chapter was purely a legal matter which he was not expected to know, and his reliance on advice of counsel was justified. See *In re Cluett*, supra.

All of the foregoing authorities which rejected the defense that the party acted on the advice of an attorney were based on the conclusion that the defense is not available if the filing was initiated by ill will or malice. This record is devoid of evidence that the filing by Bilzerian was motivated by ill will or malice.

Based on the foregoing this court is satisfied that it is appropriate to reconsider the order of February 21, 2001.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Bilzerian's Motion for Reconsideration of and to Alter or Amend Order on Motion for Sanctions and Objection to Professional Fees and Costs Summary of SSMC N.V. be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Order on Motion for Sanctions and Objection to Professional Fees and Costs Summary of SSMC N.V. entered by this Court on February 21, 2001, be and the same is hereby amended to reflect that the sanctions in the Order entered February 21, 2001, are imposed solely against the law firm of Gibbs & Runyan, P.A. and not against the Debtor and Paul Bilzerian.