**In re Byron Earl SMAIL, Debtor.**

**Bankruptcy No. 91–2032–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 22, 1991.

James M. Heptner, Tampa, Fla., for debtor.

Chris Larimore, Bradenton, Fla., trustee.

Conrad Swanson, Plant City, Fla.

### ORDER ON MOTION TO DISMISS AND FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a "Chapter 26" case, and the matter presently under consideration is a Motion to Dismiss and for Sanctions filed by Harold and Jan Levitt (Levitts). A review of the record reveals that on July 13, 1990, the Debtor filed his first voluntary petition under Chapter 13 of the Bankruptcy Code. The initial filing was deficient in that it was not accompanied by a Chapter 13 Statement and Plan. On September 10, 1990, or approximately two months after the commencement of the case, this Court issued an Order to Show Cause and directed the Debtor to appear to show cause why the Chapter 13 case should not be dismissed for failure to comply with the applicable Rules. On September 11, 1990, for reasons unexplained, counsel for the Debtor filed a second Voluntary Petition under Chapter 13 which was apparently intended to be an amendment, although it is not indicated to be such. This Petition included a Chapter 13 Plan. On November 13, 1990, counsel for the Debtor filed the third Voluntary Petition under Chapter 13 in the same case which, again, was apparently supposed to be an amendment, although again the Petition did not indicate that it was an amendment. This Petition was also accompanied by a Chapter 13 Plan.

On November 28, 1990, Sunshine State Federal Savings & Loan Association (Sun-

shine State) filed a Motion and sought relief from the automatic stay in order to commence a foreclosure action against the residence of the Debtor. That Motion was never ruled upon due to the fact that on December 7, 1990, this Court entered an Order and dismissed the case due to the Debtor's failure to attend the § 341 meeting of creditors and his failure to timely file his Chapter 13 Statement and Chapter 13 Plan. In sum, this Debtor did not even make a feeble attempt to comply with the mandatory provisions of Chapter 13 and, as a result, suffered an involuntary dismissal of his first case.

The Debtor's second trip to this Court started on February 19, 1991, when the Debtor filed his second Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code, if one ignores the two other petitions filed by the Debtor in his original Chapter 13 case. This time the Petition was accompanied by the required documents, including his Chapter 13 Statement in which in answering Question 8, the Debtor under penalty of perjury stated that he had no prior bankruptcy. This answer is quite puzzling in light of the fact that his previous Petition, which, as noted earlier, was attempted to be amended twice, was filed by the very same attorney who filed this present Petition. In the first Petition, counsel for the Debtor stated on his statement required by Bankruptcy Rule 2016(b) that he was paid $1,080 plus $120 which is the identical amount stated in his 2016(b) statement filed in the second case. The schedules filed by the Debtor in the second case indicate that the Debtor has no unsecured creditors and his only secured creditors are Sunshine State, who holds a first mortgage on the Debtor's residence, and Metropolitan Mortgage Company, who holds a second and third mortgage on the Debtor's residence. Although it is not clear from the record, it appears that Metropolitan Mortgage Company at one time assigned its interest under the third mortgage to the Levitts.

On March 22, 1991, the Levitts filed the Motion presently under consideration seeking the dismissal of the case and also the imposition of sanctions against counsel of record for the Debtor, James Heptner. The Motion is based on the proposition that the second Petition was filed in bad faith in that the Debtor falsely stated in his Chapter 13 Statement that he had no prior bankruptcy when in fact his initial petition, Case No. 90–6866–8P3, was dismissed for the Debtor's failure to attend the meeting of creditors and otherwise comply with the requirements of Chapter 13 and orders of this Court and because of the dismissal of the prior Petition, the Debtor was not eligible for relief by virtue of Section 109(g)(1) of the Bankruptcy Code. The Motion also alleges that the initial Petition was filed for the sole purpose of preventing the entry of a final judgment in favor of the Levitts in the already pending foreclosure action; that subsequent to the dismissal of the first case, a final judgment was entered and the sale was scheduled and held on February 8, 1991, at which time a third party was the successful bidder and applied for the issuance of a title certificate, but on the last day of the equity redemption period, this Debtor filed a second Chapter 13 case which again delayed the issuance of a title certificate.

In support of the sanctions portion of the Motion, the Levitts contend that Mr. Heptner, counsel of record for the Debtors, violated the certification rule, Bankruptcy Rule 9011, in that he stated that "the petitioner is qualified to file this petition and is entitled to the benefits of Title 11 as a voluntary debtor" when he very well knew or should have known, that this Debtor was not eligible for relief by virtue of Section 109(g)(1) of the Bankruptcy Code because he had a previous case dismissed within the previous 180 days for his willful failure to abide by orders of the Court.

These facts are without dispute and appear from the record of the first and second case. According to counsel for the Levitts, these facts warrant the conclusion that the Petition for Relief under Chapter 13 was filed in bad faith and, therefore, should be dismissed and in addition, it is appropriate to impose sanctions against Mr. Heptner for violation of Bankruptcy Rule 9011.

Considering the Motion to Dismiss first, this Court is satisfied that the Motion is well taken and should be granted for the following reasons:

■ This Debtor has no unsecured creditors. There is hardly any question that both the first and the second Petitions were filed solely for the purpose of frustrating the mortgagees' contractual right to enforce the mortgage lien against the Debtor's residence and were not filed to achieve any legitimate goal which is the adjustment of debts of an individual with regular income under the provisions of Chapter 13. It needs no elaborate discussion and citation of authorities to point out the obvious that while Section 1322(a)(5) permits curing defaults of secured claims on which the last payment is due after the date on which the final payment under the plan is due, this subclause was never intended by Congress to permit a debtor to modify or alter a claim secured only by a security interest in the real property that is the Debtor's principal residence. This provision of the Code assumes a starker significance in the second case, commenced by this Debtor when the property involved was already sold at the foreclosure sale, and on the very last day of the redemption period provided by state law and the date before the clerk was to issue the title certificate to the successful purchaser of the property at the foreclosure sale. Under these facts it is evident that there were no longer any defaults which could be cured in the context of a Chapter 13 and the only right which remained which this Debtor could have exercised was to redeem the final judgment by payment in full of the final judgment together with interest, costs and attorneys fees.

The concept of lack of good faith is an integral part of Chapter 13 by implication and abuse of its provisions is basis for dismissal. *In re Setzer*, 47 B.R. 340 (Bkrtcy.E.D.N.Y.1985). This Court had the occasion to consider whether or not a repeat filing should be dismissed for lack of good faith in *Matter of Akins*, 55 B.R. 183 (Bkrtcy.M.D.Fla.1985). In *Akins*, the mortgagee instituted three foreclosure ac-

tions against the debtor's residence and, in fact, obtained two final judgments. The debtor avoided the foreclosure sale on two occasions by bringing the mortgage loan current, but on the third occasion by filing his first petition for relief and then again a second petition in order to stop the foreclosure proceeding. In *Akins* this Court concluded that filing a Chapter 13 petition solely as a litigation tactic is inconsistent with the honest intentions of a debtor to adjust his debts under the provisions of Chapter 13.

In the case of *In re Glenn*, 760 F.2d 1428 (6th Cir.), *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), the Sixth Circuit after rehearing the matter *en banc* concluded that the debtors who filed their petition after properties had been sold at foreclosure sale but prior to the expiration of the statutory redemption period could not, under the curing provisions of Chapter 13, spread the payments of redemption over the entire life of their Chapter 13 Plan. The District Court in this district also has held on appeal that even though a mortgage merged into a judgment of foreclosure, under state law a Chapter 13 Debtor may nevertheless cure the default and reinstate the mortgage, but not after the foreclosure sale. *Boromei v. Sun Bank of Tampa Bay*, 92 B.R. 516 (M.D.Fla.1988), citing *In re Glenn, supra.*

In sum, it is clear that the second petition was clearly filed for an improper purpose, that is to stop the issuance of the title certificate when it was clear, or should have been clear, that this cannot be done under applicable law which governs the curing provisions, Section 1322(a)(5) of the Bankruptcy Code.

■ This leaves for consideration the second part of the Motion filed by the Levitts in which they seek imposition of sanctions against Mr. Heptner for violating Bankruptcy Rule 9011. This Rule, generally referred to as the certification rule, provides that the signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief, formed

after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

In this instance, Mr. Heptner signed the Petition filed on behalf of the Debtor, and by his signature certified in the second Chapter 13 case that the Debtor was eligible for relief when he knew, or certainly should have known, that the Debtor was not eligible for relief under Chapter 13 for the simple reason that his previous Chapter 13 case was dismissed during the preceding 180 days for his willful failure to abide by lawful orders of the Court. This was clearly a patent violation of the certification rule since the facts stated in the petition were not supported by existing law but, on the contrary, were expressly prohibited by controlling law, i.e., Section 109(g) of the Bankruptcy Code.

Rule 9011(a) provides that an attorney who violates the Rule shall be sanctioned. Thus, the imposition is mandatory if the Court is satisfied that the Rule has been violated. The purpose of sanctions is both to deter abusive practice and to compensate the offended party. According to the Affidavit submitted in support of the Motion to Impose Sanctions, the Levitts incurred attorneys fees totalling $770. This is based on the contention that their attorney spent 4.40 hours in connection with this matter and charges an hourly rate of $175. The services, according to the submission, consisted of basically six telephone calls to Mr. Heptner, a review of the files and attendance at the hearing. It also includes time allegedly spent in connection with the issuance of certificate of title and distribution of sale proceeds. Obviously, these items are not directly caused by the violation of Bankruptcy Rule 9011 by Mr. Heptner. Considering, however, the balance of the items, this Court is satisfied that the imposition of sanctions is proper and the Levitts are entitled to be awarded attorneys fees in the total amount of $600.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted and this case is hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions be, and the same is hereby, granted and sanctions in the amount of $600 be, and the same are hereby, imposed against James Heptner, to be paid to Harold and Jan Levitt within thirty (30) days from the date of entry of this Order.

DONE AND ORDERED.