In re Alice O. SHERROD, Debtor.

James H. BONE, Standing Chapter 13 Trustee, Movant,

v.

Thomas WARE, Debtor's Attorney, Respondent.

Bankruptcy No. A95–70607–SWC.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 12, 1996.

James H. Bone, Chapter 13 Trustee, Atlanta, GA, pro se.

Thomas Ware, Atlanta, GA, for respondent.

### ORDER

STACEY W. COTTON, Chief Judge.

The motion of James H. Bone, Standing Chapter 13 Trustee, for sanctions under F.R.B.P. 9011 came on for hearing on January 30, 1996, at 11:00 a.m., upon notice to the debtor and her counsel, Thomas Ware. At the call of the calendar, James H. Bone, Standing Chapter 13 Trustee ("trustee"), was present and announced ready. Neither the

debtor nor debtor's counsel, Thomas Ware, appeared.

The trustee reported that prior to a 9:30 a.m. confirmation hearing calendar call in this case, Mr. Ware served him with a copy of a voluntary dismissal of this debtor's Chapter 13 case. The trustee then informed Mr. Ware that he intended to proceed with his sanctions' motion scheduled for hearing at 11:00 a.m. that same morning. The court file reflects that the voluntary dismissal signed by Mr. Ware was filed at 8:39 a.m. on January 30, 1996. The court entertained and granted the trustee's oral motion to vacate the voluntary dismissal of this case and proceeded to hear the sanctions motion. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The court's findings and conclusions are as follows:

Debtor employed attorney Thomas Ware to file her case on August 1, 1995. The case was originally assigned to Judge Joyce Bihary of this court, but was transferred to the undersigned because the debtor is the spouse of Kenneth Sherrod, debtor in case No. A95–68275 which was originally assigned to and pending before the undersigned. Although pending on August 1, 1995, Mr. Sherrod's case was dismissed by order entered December 1, 1995.

A response was filed by Mr. Ware in opposition to the trustee's motion for sanctions. He alleges that the matters complained of are amendable minor omissions. He further alleges that the transfer motion filed by the Chapter 13 Trustee has the appearance of "judge shopping."

First, no amendment has been filed or other effort made to correct this case record. Further, neither debtor nor Mr. Ware objected or otherwise responded to the trustee's motion to transfer this case. To the contrary, Mr. Ware failed to disclose Mr. Sherrod's pending case in Case No. A95–68275 even though *he* had also filed that case. The trustee reported and the court records reflect that Mr. Ware, as counsel, had filed three prior cases for debtor's husband, Kenneth Sherrod, the same being Case No. A93–73414–REB, filed on September 22, 1993, and dismissed on December 14, 1993; Case No. A94–60293–JEM, filed on January 6, 1994,

and dismissed on November 10, 1995; and Case No. A95–68275–SWC, filed on June 15, 1995, and dismissed with prejudice by order entered December 1, 1995. In the case of Alice Sherrod, Mr. Ware failed to disclose on page two of the debtor's petition, the existence of these prior bankruptcy cases filed by her spouse. (Official Form 1, Page 2).

Mr. Ware's allegation that the trustee's motion for transfer has the appearance of judge shopping is without merit. The appearance is more akin to debtor's and counsel's intentional concealment of a prior pending case to avoid transfer of his most recently filed case to Judge Massey. Counsel's argument is disingenuous at best. The court finds this position to be merely another tactic to avoid the consequences of this counsel's manipulative filing of several cases for debtor and her husband.

The court takes judicial notice that Mr. Ware was sanctioned by this court as a result of his similar failure to disclose liabilities and prior case filings in Kenneth Sherrod's last case, No. A95–68275–SWC. (Order entered 11/6/95 Case No. A95–68275–SWC). All information required to make the disclosures were in Mr. Ware's possession since he had prepared and filed each of the previous cases. (Order Dismissing Case with Prejudice and Order on Motion for Sanctions, Case No. A95–68275, entered Dec. 1, 1995, ¶ 10). In the present case, Mr. Ware and the debtor signed the debtor's Chapter 13 petition and schedules without including the required disclosure. This is particularly egregious because counsel has been sanctioned previously for the same omission in Mr. Sherrod's Case No. A95–68275.

■■■ Bankruptcy Rule 9011 governs the signing and verification of papers filed with the Bankruptcy court, and provides for the imposition of sanctions. *In re Armwood,* 175 B.R. 779 (Bankr.N.D.Ga.1994); *In re Bellew,* 71 B.R. 72 (Bankr.M.D.Fla.1987); *In re Smail,* 129 B.R. 676 (Bankr.M.D.Fla.1991). Bankruptcy Rule 9011 and FRCP 11 are similar in scope; therefore, authorities construing FRCP 11 are applicable in a Bankruptcy Rule 9011 motion. *In re Armwood,* 175 B.R. 779 (Bankr.N.D.Ga.1994); *In re Al-*

*berto,* 119 B.R. 985 (Bankr.N.D.Ill.1990); *In re Mroz,* 65 F.3d 1567 (11th Cir.1995). *But see, Marsch v. Marsch,* 36 F.3d 825 (9th Cir.1994).

■ Bankruptcy Rule 9011 lists two grounds for the imposition of sanctions.[1] See also, *Robinson v. National Cash Register, Co.,* 808 F.2d 1119 (5th Cir.1987) (holding that FRCP 11 contains two grounds for sanctions: 1) whether the pleading is well grounded in law and fact; and, 2) whether the pleading was filed for an improper purpose, such as harassment, delay, or increasing the expense of litigation). If the court determines that a violation of the rule has occurred, sanctions are mandated. Bankruptcy Rule 9011(a). The kind of sanction imposed is within the discretion of the judge. *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir.1987).

■ The focus of the court under Bankruptcy Rule 9011 is "what was known by the signing attorney at the time the pleading was filed." *In re Mroz,* 65 F.3d at 1567. An objective standard is applied by the court to determine if the party's actions were reasonable. *In re Armwood,* 175 B.R. 779 (Bankr. N.D.Ga.1994); *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir.1987); *Eastway Construction Corp. v. City of New York,* 762 F.2d 243 (2d Cir1985).

■ A voluntary dismissal of this case signed by Mr. Ware and debtor was filed at 8:39 a.m., immediately prior to the 9:30 a.m. call of this case on the confirmation calendar. Thereafter, both the debtor and Mr. Ware failed to appear at the sanctions hearing scheduled later at 11:00 a.m. In the absence of a credible explanation, the court reasonably infers that the voluntary dismissal in the face of the sanctions motion was merely a willful attempt to deprive the court of jurisdiction and to frustrate the sanctions process. Although not required, when apprised of debtor's and counsel's actions and absence, the court entertained and granted the trustee's motion to vacate the voluntary dismissal, and continued with the sanction motion hearing. The United States Supreme Court in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 398, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990) has held that "[E]ven if a careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. A litigant who violates Rule 11 merits sanctions even after dismissal." The court finds and concludes, therefore, that it has jurisdiction to impose sanctions whether or not the dismissal was vacated.

■ The court has considered the role of the debtor in this case. The record does not reflect the nature or extent, if any, of her knowledge of the prior cases. However, because the information omitted was peculiarly within the actual knowledge and control of Mr. Ware, the court is satisfied that the violations were the fault of counsel. Further, there has been no request for sanctions against the debtor.[2]

After consideration of the trustee's report and the court record in this and the related cases, the court finds that debtor's counsel, Thomas Ware, in signing the petition, has failed to disclose matters within his actual knowledge; that he knew, or should have known, that such filings were not complete or accurate; that any reasonable inquiry or investigation would have disclosed such inaccuracies; that the preparation and filing of this case was unwarranted; and, that he has failed to perform his duties and has violated the provisions of Bankruptcy Rule 9011. Therefore, the court concludes that a sanc-

---

1. Bankruptcy Rule 9011 states, in part, that the signature of an attorney "constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of an existing law; and it is not interposed for any improper purpose, such as to harass or to cause undue delay or needless increase in the cost of litigation or administration of the case."

2. Sanctions may be imposed against the individual who signed the pleading or against the client represented by the signer. *In re Armwood,* 175 B.R. 779, 788; *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); *In re 1801 Restaurant, Inc.,* 40 B.R. 455 (Bankr. D.Md.1984).

tion of $750 should be imposed upon Mr. Ware. Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the respondent, Thomas Ware, is sanctioned in the amount of $750.00, payable to the Chapter 13 Trustee for the benefit of the United States of America, with payment to be made within fifteen (15) days of the entry of this order. Upon the receipt of payment, the Chapter 13 Trustee shall forward the payment to the Clerk of the United States Bankruptcy Court for the benefit of the United States of America, and it is

**FURTHER ORDERED** that the case is hereby **dismissed.**

IT IS SO ORDERED.