124 F.3d 204
 80 A.F.T.R.2d 97-5753
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of: Lewis R. MARCELLUS, Debtor. Appeal of:
Lewis R. Marcellus.
 No. 95-3451.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1997.*
Decided Aug. 4, 1997.
 
 Before RIPPLE, Circuit Judge, ROVNER, Circuit Judge and EVANS, Circuit Judge.
 
 ORDER
 
 1
 On August 25, 1994, Lewis Marcellus filed a petition for bankruptcy under Chapter 13 in the Bankruptcy Court for the Southern District of Indiana, listing the Internal Revenue Service ("IRS") as his sole creditor. The IRS responded with a motion to dismiss and requested that the court limit Marcellus' ability to commence a new petition. On November 8, 1994, Bankruptcy Judge Frank J. Otte issued an order denying the petition with prejudice and enjoining Marcellus from commencing a new petition for two years. The court found that Marcellus had previously filed a bankruptcy action, and in that action he had failed to pay overdue income taxes as ordered by the court. The court also found that he had failed to file any federal or state income tax since 1984 and had no intention of filing such taxes. In addition, the court concluded that Marcellus had engaged in a pattern of activity to frustrate the IRS's attempts to collect taxes he owed. The court concluded that in the present petition, he had not proposed a feasible plan and had been evasive in providing information to the court. The court thus concluded that Marcellus' bankruptcy filing was in bad faith and thus dismissed it under 11 U.S.C. § 1307(c). The court also prohibited him from filing a petition under Title 11 for two years on the ground that the only reason Marcellus filed the petition was to get an automatic stay as part of his attempt to prevent collection by the IRS.
 
 
 2
 Marcellus' appeal is moot to the extent that it challenges the bankruptcy court's injunction. Two years have passed since the two-year ban on his filing of a new bankruptcy proceeding. An actual case or controversy must exist not only when an action is initiated "but at every stage of the trial and appellate proceedings." Jones v. Sullivan, 938 F.2d 801, 805 (7th Cir.1991) (internal quotation marks and citation omitted). There is no current controversy with regard to the injunction; it has expired and has no effect. See Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of America (AFL-CIO), 36 F.3d 712, 713 (7th Cir.1994) (when an injunction expires there is nothing to review); In Re Frieouf 938 F.2d 1099, 1104 (10th Cir.1991) (bankruptcy court's denial of access to bankruptcy court for 180 days was not reviewable after more than 180 days had passed). In addition, the present case does not fall within the exception to the mootness doctrine that applies in cases in which an injunction and the complained-of-action are likely to be repeated in such a manner as to elude judicial resolution. Briggs & Stratton, 36 F.3d at 713. Therefore, we dismiss as moot Marcellus' appeal to the extent that it attacks the district court's affirmance of the bankruptcy court's issuing of the injunction.
 
 
 3
 In contrast to the injunction, the district court's affirmance of the bankruptcy court's order dismissing Marcellus' petition as filed in bad faith presents a live controversy. 11 U.S.C. § 1307 allows the bankruptcy court to dismiss a chapter 13 case for cause. A finding that the petitioner filed a petition in bad faith is sufficient cause for dismissal under this provision. In re Love, 957 F.2d 1350, 1354 (7th Cir.1992). This determination is "fact intensive" and therefore left largely to the discretion of the bankruptcy court. Id. at 1355.
 
 
 4
 This court has provided a nonexhaustive list of factors that should be taken into account when making the determination as to whether a petition was filed in bad faith: the nature of the debt, the timing of the petition, how the debt arose, the debtor's motive in filing the petition, how the debtor's actions affected creditors, the debtor's treatment of creditors both before and after the petition was filed, and whether the debtor has been forthcoming with the bankruptcy court and the creditors. Id. at 1357. In the present case, the bankruptcy court found that several of these factors supported a finding that Marcellus filed his petition in bad faith. It concluded that he had been involved in anti-tax activity prior to his filing the bankruptcy petition, and that his sole reason for filing was to prevent the IRS from continuing its levy action against him to collect the debt. Further, the court noted that he had consistently failed to pay his income tax, and that the evidence indicated that he had no intention of paying that tax; he also had filed false information with the IRS on more than one occasion. Beyond this, the court found that he filed the instant case while facing circumstances that were essentially unchanged from the time he filed his previously rejected petition. Also, the court found that Marcellus did not file a feasible plan, and that the schedules and statement of financial affairs that were filed indicated that no feasible plan could be proposed. Finally, the court found that Marcellus had been evasive in his responses to the court with regard to his residences, and had demonstrated a lack of accuracy and candor with respect to his budget. Based upon these findings, we conclude that the bankruptcy court acted within its discretion is dismissing Marcellus' petition as filed in bad faith. Marcellus makes a series of additional arguments that we conclude are either frivolous and/or irrelevant to the issue of whether he filed his bankruptcy petition in good faith. We, therefore, affirm the district court's order to the extent that it affirmed the bankruptcy court's dismissal of Marcellus' petition.
 
 
 5
 AFFIRMED.
 
 Blank Page
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir. R. 34(f)