**In re Mark T. GRAFFY, Debtor.**

**Bankruptcy No. 97–4978–8B3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 16, 1998.

B. Gray Gibbs, St. Petersburg, FL, for Debtor.

Terry E. Smith, Bradenton, FL, Trustee.

Michael A. Cauley, Asst. U.S. Atty., Tampa, FL, for U.S.

Andrew Daxon, Internal Revenue Service, Tampa, FL, for IRS.

John Galotto, U.S. Department of Justice, Tax Division, Washington, DC, for U.S.

## ORDER ON DEBTOR'S MOTION TO DISMISS CHAPTER 13 CASE

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE arose when, during a final evidentiary hearing on the United States of America's Motion to Dismiss Debtor's Chapter 13 case with prejudice, the Debtor sought to dismiss his case pursuant to 11 U.S.C. § 1307(b). A ruling on the Debtor's motion will dispose of all outstanding issues in this case and the Court finds the following:

## I. PROCEDURAL HISTORY

On March 31, 1997, Debtor filed his third Chapter 13 case. His first Chapter 13 case was filed in May 1994. In that case, as in all Chapter 13 cases, this Court entered a standard order requiring the Debtor to file his federal and state tax returns. *E.g., In re Nygaard*, 213 B.R. 877 (Bankr.M.D.Fla. 1997). Meanwhile, the Internal Revenue Service (IRS) filed a proof of claim listing secured, priority, and unsecured obligations, and indicating the Debtor had not filed his tax returns for a number of years.

At the first confirmation hearing, this Court personally instructed the Debtor to file his tax returns and, thereafter, entered an order rescheduling the confirmation hearing and requiring the Debtor to file all required tax returns for the years 1986 and 1990 through 1993 prior to the rescheduled hearing. At the continued confirmation hearing, the Debtor appeared and asserted he had filed the required returns, with copies to the Chapter 13 Trustee. It is without dispute that feasibility of the Debtor's Plan was contingent upon treatment of the IRS's claim. However, upon examination it became evident the Debtor's returns reflected all zero's in any appropriate categories. As a result, this Court found the Debtor had willfully disobeyed the Court's orders and dismissed the case with prejudice, providing any subsequent Chapter 13 case filing would be conditioned upon all tax returns being filed.

In March 1996, Debtor filed his second Chapter 13 case without complying with the tax return filing requirements of this Court's Order of Dismissal of the previous Chapter 13 case. Moreover, the Debtor proceeded to disregard the dictates of the second standard Order requiring the filing of tax returns. The IRS moved to dismiss the case. The Court granted the IRS's motion and dismissed the second Chapter 13 case with prejudice, once again specifically barring the Debtor from filing a subsequent Chapter 13 without filing his federal tax returns.

Notwithstanding the unequivocal tax return filing requirements placed on Debtor by numerous orders of this Court in two prior Chapter 13 cases, the Debtor, on March 31, 1997, filed his present Chapter 13 case. Although at the time of filing of this case all of Debtor's tax returns were not in the hands of the IRS, it appears these returns were subsequently filed. The skirmishing began herein with the Debtor's (1) Motion to Hold the IRS and AmSouth Bank and certain of both entities' officers and employees in contempt (Contempt Motion); and (2) Objection to Allowance of the IRS's Claim (Objection to Claim). The IRS then filed (1) a Motion to Prohibit Use of Cash Collateral (Cash Collateral Motion) and (2) a Motion to Dismiss with Prejudice (Motion to Dismiss).

In light of Debtor's previous cases which solely concerned the IRS, the Court granted the IRS's Cash Collateral Motion and froze

the Debtor's accounts pending final evidentiary hearing on the IRS's Motion to Dismiss and the Debtor's Objection to Claim and Contempt Motion.

The final evidentiary hearing on the Debtor's Contempt Motion and Objection to Claim, and the Government's Motion to Dismiss were set for early December 1997. Just prior to the final evidentiary hearing, the Debtor withdrew his Motion for Contempt and Objection to the Claim and amended his Plan and his Schedules and Statement of Financial Affairs. Thus, the final evidentiary hearing went forward solely on the IRS's Motion to Dismiss, with the Debtor proceeding pro se. The IRS did not conclude its case-in-chief within the first day, and the final evidentiary hearing was continued. After the first day of trial, the Debtor hired counsel who filed the Motion to Dismiss presently under consideration.

## II. EVIDENCE PRESENTED AT THE FINAL EVIDENTIARY HEARING

The IRS's evidence during the first day of trial demonstrated that in 1993, prior to the Debtor's first Chapter 13 case, the IRS sought to interview the Debtor regarding the non-filing of his 1990, 1991, 1992 and 1993 federal income tax returns. The Debtor had refused to file his tax returns and believed he was under criminal investigation for such refusal. Thereafter, the IRS filed Notices of Intent to Levy and of Tax Liens; however, collection efforts were forestalled by the Debtor's filing of his first Chapter 13 case.

Evidence comparing information contained in Debtor's Schedules and Statement of Affairs with other financial information established that: (1) in all three bankruptcy cases, the only creditor was the IRS for federal income taxes;[1] (2) the Debtor had assets which were not listed in the bankruptcy schedules of any of the three Chapter 13 cases, except for the amended schedules filed just prior to the last final evidentiary hear-

ing; (3) during any or all three of the bankruptcy cases the Debtor sought to conceal or transfer assets of the estate to a personal trust which should have been listed on the bankruptcy schedules; (4) Debtor's car repair sole proprietorship was substantially undervalued and its income understated; (5) in any or all of the Chapter 13 bankruptcy Statements of Financial Affairs, the Debtor failed to mention any transfer of estate assets; (6) during one of the previous bankruptcies, the Debtor either loaned, or gave for safekeeping to a third party, substantial amounts of money.[2] Debtor failed to list such transfer/loan in any Schedules or Statements of Affairs, save the amended ones filed just prior to the final evidentiary hearing; (7) during one of the previous Chapter 13 cases, the Debtor entered into a contract to purchase a new home for $610,000, and made a down payment of $10,000 drawn on his auto repair sole proprietorship; (8) in connection with his loan application to purchase the home, the Debtor claimed a net worth of over $500,000, a sum never reflected in any bankruptcy Schedules; and (9) the Debtor had filed documents which supported a conclusion by the IRS that the Debtor was a tax protestor.

Immediately prior to resumption of the final evidentiary hearing on the IRS's Motion to Dismiss, the Court heard the Debtor's Motion to Dismiss his case. Thereafter, given the IRS's request to conclude presentation of its evidence, the Court permitted the IRS, without objection, to proffer its remaining evidence against the Debtor for the purpose of establishing whether the dismissal should be with prejudice.[3]

The proffered evidence set forth the following: (a) the personal property associated with the Debtor's sole proprietorship was valued at approximately $56,500, which was far in excess of any value in any Chapter 13 schedule, other than the belated schedules before the final evidentiary hearing; (b) the

---

**1.** The IRS's claim in the first Chapter 13 case was for $74,218.24; in the second case, the IRS's claim totalled $458,384.96; and the IRS's claim in the present case is for $343,453.42.

**2.** Prior testimony from Mr. Newcombe (the third party who operated Webster Classic Auto—a pro-

prietorship) had established the Debtor transferred funds to Mr. Newcombe.

**3.** This Court rejected converting this case if bad faith was determined as there were no other creditors to protect in a Chapter 7 case.

Debtor's income as set forth in his Chapter 13 Statements of Financial Affairs was significantly understated; (c) the Debtor knew the IRS was mounting collection efforts against him and, in response the Debtor created a fictitious trust and convinced his wife to file a separate Chapter 13 bankruptcy, since he was precluded from same due to his refusal to file tax returns as required by the prior orders of dismissal; (d) the alleged loan by the Debtor to a third party was not supported by any documentation, much less conditions relating to rate of interest, payment schedule, or collateral.

## III.  LEGAL ANALYSIS

A traditional Chapter 13 homily is a debtor has the absolute right to dismiss his case at anytime.  11 U.S.C. § 1307(b).  Nevertheless, the law is abundantly clear a bankruptcy court may impose conditions upon such dismissal, especially where substantial evidence exists that the debtor did not file the petition in good faith.  *See, e.g., In re Spear,* 203 B.R. 349, 354 (Bankr.D.Mass. 1996); *In re Greenberg,* 200 B.R. 763 (Bankr. S.D.N.Y.1996).  Section 1307(c) sets forth a litany of situations which form the basis for dismissing or converting a Chapter 13 case. While good faith is not specifically denominated therein, it is implicit to the concept. *E.g., In re Lilley,* 91 F.3d 491 (3d Cir.1996); *In re Eisen,* 14 F.3d 469 (9th Cir.1994); *Spear, supra.*

The determination of good faith on the part of a debtor in filing the Chapter 13 bankruptcy is made on a case-by-case basis. Such an inquiry includes consideration of the following factors: the nature of debt, including the question of whether the debt would be nondischargeable in Chapter 7; the timing of the petition; how the debt arose and the debtor's motive in filing the bankruptcy petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the Debtor had been forthcoming with the bankruptcy court and creditors. *In re Love,* 957 F.2d 1350, 1357 (7th Cir. 1992).

The evidence in this case supports a finding the Debtor did not file any of his Chapter 13 cases in good faith.  In each case, both pre- and post-petition, his Statements of Financial Affairs and Schedules were intentionally falsified for the purpose of thwarting the repeated claims of the IRS.  Further, during his previous bankruptcies, the Debtor sought to mislead the Chapter 13 Trustee and this Court by knowingly falsifying those Schedules and Statements in order to conceal property of the estate, enter into personally beneficial contracts, transfer property of the estate without prior approval of this Court, and to pay less on allowed claims than would otherwise be required in any one of his Chapter 13 cases.  Ultimately, the evidence establishes that Debtor's sole motive in filing his own three bankruptcy cases and inspiring his spouse's bankruptcy filing was either to circumvent this Court's Orders regarding the filing of his tax returns or interrupt the collection efforts of the IRS.

Whether viewing the Debtor's actions as a lack of good faith or an illustration of bad faith, the Court finds, considering the totality of the circumstances, there is greater than a preponderance of the evidence which supports imposition of conditions to the Debtor's voluntary dismissal of his latest case, especially given it occurred in the midst of the final evidentiary hearing on the IRS's Motion to Dismiss.  This Court subscribes to the conclusion that voluntary dismissal "in the face of [a] sanctions motion was merely a willful attempt to deprive the court of jurisdiction and frustrate the sanctions process." *In re Sherrod,* 200 B.R. 271, 273 (Bankr. N.D.Ga.1996); *see also In re Leavitt,* 209 B.R. 935 (9th Cir. BAP 1997); *In re Patton,* 209 B.R. 98 (Bankr.Tenn.1997); *In re Gros,* 173 B.R. 774 (Bankr.M.D.Fla.1994).

While Section 1307(c) sets forth a basis for dismissal or conversion of a Chapter 13 case, Section 349(a) authorizes a court to dismiss a Chapter 13 case with prejudice where cause is shown.  The bad faith or lack of good faith evidenced here is sufficient cause to dismiss this case with prejudice. Further, pursuant to Section 349 and Section 105, the Court will bar the Debtor from filing any bankruptcy case in any jurisdiction which seeks relief from any claim filed by the

IRS concerning the Debtor's tax obligations. *Accord, In re Marcellus,* 1997 WL 464100 (7th Cir.1995); *In re Spear, supra.*

The facts of this case speak loudly for themselves and the only reasonable conclusion to be made is the Debtor did not act in good faith in filing any of his bankruptcy cases and in seeking to voluntarily dismiss this latest one. Rather, the Debtor utilized the bankruptcy filings as a weapon against the IRS's efforts to collect the federal income taxes they claimed he owed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Debtor's Motion to Dismiss Chapter 13 Case, No. 97–4978–8B3, be and the same is hereby granted with the specific condition that the Debtor is barred from filing any future bankruptcy case in any jurisdiction which seeks relief from any claim filed by the IRS concerning the Debtor's tax obligations for a period of two years from the date this Order becomes final. It is further

ORDERED, ADJUDGED AND DECREED that any funds held by any entity subject to this Court's Order on Cash Collateral shall be released to the Internal Revenue Service. It is further

ORDERED, ADJUDGED AND DECREED the Court will retain jurisdiction to determine costs and to hear the Government's application for attorneys' fees. The IRS is instructed to file its application for costs and attorneys' fees, together with legal support thereof, within 30 days from the date of this Order. The Debtor may file a Response within fifteen days from the date the application is filed. Failure to file a Response may result in the ex parte award of costs and attorneys' fees.