**In the Matter of Mark T. GRAFFY, Debtor.**

**Bankruptcy No. 97–4978–8B3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 10, 1999.

B. Gray Gibbs, St. Petersburg, FL, for debtor.

Terry E. Smith, Bradenton, FL, Trustee.

John A. Galotto, U.S. Dept. of Justice, Tax Div., Washington, D.C.

### ORDER GRANTING INTERNAL REVENUE SERVICE'S MOTION FOR ATTORNEY'S FEES

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

### BACKGROUND

THIS CAUSE came on for hearing on the Application for Reasonable Attorney's Fees By the United States of America (hereinafter "Fee Application"), acting by and through the Internal Revenue Service ("IRS"). Previously, on January 16, 1998, this Court found the Debtor's conduct in this Chapter 13 Case was in bad faith considering the totality of the circumstances and dismissed the case with prejudice. *In re Graffy,* 216 B.R. 888, 891–892 (Bankr.M.D.Fla.1998). This Court, in the Dismissal Order, retained jurisdiction to determine costs and to hear arguments regarding the IRS's application for attorney's fees. *Id.* at 892.

The IRS filed its Fee Application and the Debtor filed an Objection to Application for Reasonable Attorney's Fees By United States of America ("Debtor's Objection"). The gravamen of this litigation is the government's right to attorney's fees.

In order for this Court to determine whether an award of attorney's fees is warranted under the given set of circumstances, the following two issues must be determined: (1) In the presence of bad faith in a Chapter 13 case, what is the basis upon which the court may grant

sanctions, and (2) What type and amount of sanctions would be appropriate under the circumstances? [1]

## II. *LEGAL ANALYSIS*

### A. *In the Presence of Bad Faith in a Chapter 13 Case, What is the Basis upon Which the Court may Grant Sanctions?*

#### Under Rule 9011 of the Bankruptcy Rules

■ The Court has statutory authority to sanction parties under Rule 9011 of the Federal Rules of Bankruptcy Procedure. Rule 9011 does not exclude pro se parties from its operation,[2] and authorizes sanctions when: "(1) the papers are frivolous, legally unreasonable, or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." [3] *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir.1995).

■ The United States Court of Appeal for the Eleventh Circuit explains in the *Mroz* opinion that the initial inquiry when examining conduct under the "frivolousness" prong of Rule 9011 is "whether the party's claim is objectively frivolous, in view of the law or facts . . . ." *Id.* at 1573. While the *Mroz* Court sets out a specific framework for analyzing attorney or party conduct under the "frivolousness" prong of Rule 9011, no comprehensive framework was clearly articulated for the "bad faith/improper purpose" prong. Courts, however, including this Court, consistently maintain an objective standard is generally

the appropriate standard to apply in analyzing the debtor's conduct under Rule 9011, i.e. reasonableness of the debtor's conduct under the circumstances. *See In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir.1991); *Ballato*, 190 B.R. at 449; *In re Malmen*, 140 B.R. 819, 824 (Bankr. M.D.Fla.1992). Therefore, in keeping within the *Mroz* framework and the objective standard generally applied by courts to Rule 9011, reasonableness under the circumstances is used to determine whether the Debtor's conduct in this case violated the "bad faith/improper purpose" prong of Rule 9011.

■ An objective analysis of the Debtor's conduct requires this Court to look beyond subjective intent to determine whether, under the circumstances, a reasonable person would have taken the same actions as the Debtor. *Malmen*, 140 B.R. at 824. In the instant case, the court finds the Debtor violated the "bad faith/improper purpose" prong of Rule 9011 because a reasonable person would not have taken the same actions the Debtor took in this particular case. *See Graffy*, 216 B.R. at 889–891.

Upon the filing of a bankruptcy petition, the Chapter 13 Debtor assumes certain mandatory duties. *See* 11 U.S.C. § 521; Fed.R.Bankr.P. 1007. Both § 521 and Rule 1007 require a debtor to file with the Court certain papers. Among these requirements are a schedule of assets and liabilities, a schedule of current income and expenditures, and a statement of financial affairs.

---

1. This Court predicates its analysis on the findings of fact announced in the Dismissal Order. *Graffy*, 216 B.R. at 889–891.

2. "A pro se litigant has the same duties under Rule 9011 as an attorney." *In re Weiss*, 111 F.3d 1159, 1169 (4th Cir.1997); (citing *Upadhyay v. Burse (In re Burse)*, 120 B.R. 833, 837 (Bankr.E.D.Va.1990); *In re 1801 Restaurant, Inc.*, 40 B.R. 455, 457–58 (Bankr. D.Md.1984)); *See also Ballato v. Ballato (In re Ballato)*, 190 B.R. 447, 449 (M.D.Fla. 1995) (imposing sanctions, specifically reasonable attorney's fees, against the debtor in

his individual capacity was warranted where the debtor filed numerous pro se pleadings.)

3. Rule 9011 was amended after the *Mroz* opinion, however the Debtor in this case engaged in the improper conduct prior to December 1, 1997, the effective date of the amendment. Therefore, this Court will apply the pre-amended version of the statute. *See In re 680 Fifth Ave. Assoc.*, 218 B.R. 305, 312, 313 (Bankr.S.D.N.Y.1998). Notwithstanding the amendment, the Court finds no significant difference in the result.

The concept of a debtor performing their Chapter 13 duties in good faith is a consistent theme throughout the Chapter.[4] Rule 9011 requires pro se parties to sign all papers filed in a case in an effort to engender honest and truthful disclosures. Rule 9011 also provides that papers filed in a case not be verified unless otherwise specifically provided by the rules. However, Bankruptcy Rule 1008 specifically requires the debtor to verify that matters stated in financial statements and bankruptcy schedules are true and correct. Therefore, the signature requirement under Rule 9011, together with the debtor's verification obligation under Rule 1008, clearly implies that the debtor's duties under § 521 and Rule 1007 must be performed in good faith.

No reasonable debtor acting in good faith would repeatedly and intentionally misrepresent, or altogether purposefully omit, certain income and assets on various schedules and financial statements he or she was obligated to faithfully verify and submit. Here, the Debtor substantially undervalued personal property connected with his sole proprietorship in numerous schedules, significantly understated his income in his Statement of Financial Affairs, and failed to mention any transfer of estate assets in any, or all, of the Chapter 13 Financial Statements. *Graffy*, 216 B.R. at 890–891. Courts have imposed sanctions against Chapter 13 debtors under Rule 9011 for similar deceptive conduct.[5]

No Chapter 13 debtor may be allowed to repeatedly attempt to deceive this Court by knowingly falsifying the very financial documents the Bankruptcy process relies upon to formulate a confirmable plan. Therefore, as previously found in this Court's Dismissal Order, the Debtor's sole motive behind filing the three bankruptcy cases was either to circumvent this Court's Orders concerning the filing of his tax returns, or to interrupt the collection efforts of the IRS. *Graffy*, 216 B.R. at 891.[6] This Court finds the Debtor has violated the "bad faith/improper purpose" prong of Rule 9011 by repeatedly certifying, and then submitting to this court, false and misleading documentation in connection with three Chapter 13 bankruptcy cases for the improper purpose of attempting to forestall the collection efforts of the IRS. Consequently, in viewing the Debtor's conduct in light of Bankruptcy Rule 9011, this Court deems it appropriate to sanction the Debtor.

### Under The Court's Inherent Power

In addition to the Court's statutory authority to sanction bad faith filings under Rule 9011, the Court also has the inherent power to sanction bad faith conduct under the doctrines discussed by the United States Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). In *Chambers*, the Supreme Court held that federal courts have the inherent power to assess attorney's fees as a sanction against litigants for bad faith conduct which amounts to abuse of the litigation process. *Id.* at 35, 111 S.Ct. 2123. The Supreme Court explains that although the "Ameri-

4. Under 11 U.S.C. § 1325 a court must confirm a plan if, among other things, the plan was proposed in good faith. Under 11 U.S.C. § 1307, a court may convert the Chapter 13 to a Chapter 7, or dismiss the case for cause, where the debtor causes unreasonable delay that is prejudicial to the creditor.

5. *See In re Eatman*, 182 B.R. 386, 395–396 (Bkrtcy.S.D.N.Y.1995) (imposing sanctions under Rule 9011 where the court previously determined the Chapter 13 debtor filed in bad faith, the debtor signed the petition and schedules laden with misstatements and omis-

sions, and misrepresented his assets and liabilities).

Rule 9011 sanctions have been imposed even where the debtor's conduct has not risen to the level of a bad faith filing. *See In re Dubrowsky*, 206 B.R. 30, 36 (Bkrtcy.E.D.N.Y. 1997.) (holding false statements contained in the debtor's schedules and statement of financial affairs give rise to sanctionable conduct under Rule 9011).

6. This Court finds either of these two motives would clearly qualify as an "improper purpose" under Rule 9011.

can Rule" prohibits fee shifting in most cases,[7] an exception allows federal courts to exercise their inherent power to assess fees as a sanction when a party " 'act[s] in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id.* at 45–46, 111 S.Ct. 2123, (citing *Alyeska,* 421 U.S. at 258–259, 95 S.Ct. 1612).

Congress implicitly recognizes the inherent power to sanction via 11 U.S.C. § 105(a) of the Bankruptcy Code. *See Rainbow Magazine, Inc.,* 77 F.3d 278, 284 (9th Cir.1996); *In re Courtesy Inns, Ltd.,* 40 F.3d 1084, 1089 (10th Cir.1994) ("We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers.*"). In *Rainbow,* the court explains that by granting bankruptcy courts the power under § 105(a) to sua sponte issue any order necessary to prevent an abuse of process, Congress implicitly recognizes that bankruptcy courts have the same inherent power to sanction that *Chambers* identifies. *Rainbow,* 77 F.3d at 284. Various actions taken by the Debtor over the course of this litigation constitute conduct sanctionable under the doctrines discussed in *Chambers* and statutorily recognized under § 105(a).

The Debtor's conduct in the Chapter 13 cases falls well below the level of veracity expected of pro se parties litigating in this Court. The Debtor repeatedly and intentionally falsified numerous bankruptcy schedules and statements of financial affairs over the course of this litigation. The Debtor's blatant misrepresentations and purposeful omissions to this Court include: a consistent failure to disclose various assets, a substantial undervaluing of personal property connected with his sole proprietorship, a significant understatement of his income, and a failure to report that he either loaned or transferred substantial amounts of money to a third party during one of the bankruptcies.[8]

After years of purposely attempting to deceive this Court, the Debtor decided just prior to the final evidentiary hearing in his third bankruptcy case to more accurately reflect his overall financial status by amending his Plan of Reorganization, Schedules, and Statement of Financial Affairs. It is clear the Debtor used these Chapter 13 cases as a scheme systematically engineered for the sole purpose of forestalling the collection efforts of the IRS, not to legitimately pursue an individual reorganization under Chapter 13.

■ As a consequence of the consistent pattern of bad faith conduct exhibited by the Debtor throughout this litigation, this Court, pursuant to its inherent power to sanction, finds there is sufficient cause to sanction the Debtor.[9] As the Supreme

---

7. The "American Rule" provides that in the United States the prevailing litigant is responsible for the cost of his or her own attorney's fees and cannot shift the burden to the losing litigant. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

8. For a complete litany of the other specific deceptive and fraudulent actions undertaken by the Debtor in this litigation, refer to this Court's Dismissal Order. *Graffy,* 216 B.R. at 890–891.

9. The Court notes that in the presence of bad faith, Chapter 13 provides the court with several options to sanction a debtor. The court's decision of which option, or combination of options, to employ hinges on the particular degree of bad faith exhibited in the case. Under 11 U.S.C. § 1307, the court may convert or dismiss the debtor's case for cause. Cause to convert a Chapter 13 case to a Chapter 7 exists where the debtor files the petition in bad faith. *See In re Molitor,* 76 F.3d 218, 220 (8th Cir.1996). The debtor filing the petition in bad faith also constitutes cause for dismissing the case. *See In re Eisen,* 14 F.3d 469, 470–471 (9th Cir.1994). Where the court finds the debtor's conduct more egregious, the court may dismiss the case with prejudice, barring the debtor from refiling for a certain period of time. *See In re Leavitt,* 171 F.3d 1219, 34 BCD 111, 113 (9th Cir.1999); *In re Tomlin,* 105 F.3d 933, 937 (4th Cir.1997). Finally, where the debtor's bad faith conduct rises to the level of a systematic abuse of process, as described in *Chambers,* the court, through its inherent power, may issue monetary sanctions. *See Chambers,* 501 U.S. at 45–50, 111 S.Ct. 2123.

Court espoused in *Chambers*, this remedy will serve the dual purpose of " 'vindicat[ing] judicial authority ... and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.' " *Chambers*, 501 U.S. at 46, 111 S.Ct. 2123; (quoting *Hutto v. Finney*, 437 U.S. 678, 689, n. 14, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (alterations in original)).

**B.** ***In the Presence of Bad Faith in a Chapter 13 Case, What Type and Amount of Sanctions Would be Appropriate to Impose Against the Debtor?***

As this Court determines the basis upon which a federal court derives its authority to grant sanctions, this Court must now determine what type and amount of sanctions are appropriate to impose upon the Debtor. The determination of the appropriate sanction to impose for a bad faith filing is made on a case-by-case basis. Such an inquiry includes a consideration of the following factors: "(1) the expenses incurred by the creditor; (2) the debtor's familiarity with the bankruptcy process; (3) the dual purpose of Bankruptcy Rule 9011 to punish and deter; and (4) the severity of the violation". *Whitney Apartments Associates v. McGlamry (In re Whitney Place Partners )*, 123 B.R. 117, 122 (Bankr.N.D.Ga.1991), affd. 966 F.2d 681 (11th Cir.1992) (citing *In re King*, 83 B.R. 843, 848 (Bankr.M.D.Ga.1988)).

In the presence of bad faith, a court may award to the injured party the entire amount of its reasonable attorney's fees as an appropriate monetary sanction. *See Chambers*, 501 U.S. at 55, 111 S.Ct. 2123. Considering the standards established for determining the reasonableness of fees as set forth in *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir.1990); *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, (11th Cir.1988); *American Benefit Life Insurance Co. v. Baddock (In re First Colonial Corp. of America )*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *In re Bilgutay*, 108 B.R. 333 (Bankr.M.D.Fla.1989), this Court finds the amount requested by the IRS in its Fee Application to represent a reasonable attorney's fee.

The hourly rate set forth by the IRS in its Fee Application is $31.69 an hour.[10] Compensation is sought for 244.5 hours of work on this case. This Court finds the 244.5 hours expended by the IRS on this case to be reasonable. Also, consistent with the IRS's Fee Application, the Court adopts the rate of $31.69 per hour as the lodestar rate. Consequently, the Court finds the requested amount of $7,748.21 to represent a reasonable attorney's fee and, as such, is an appropriate monetary sanction against the Debtor.[11]

Finally, in the presence of a Rule 9011 violation, a court may award reasonable expenses to the injured party incurred as a result of the violation. The IRS seeks travel expenses in connection with this case for three separate flights from Washington, D.C. to Tampa, Florida in the amount of $1,059.00. The Court finds the requested amount of $1,059.00 to represent reasonable travel expenses and, as such, is an appropriate sanction against the Debtor.

---

**10.** Counsel for the IRS states in its Fee Application that its reasonable hourly rate (lodestar) based on salary is $31.69. The Court notes that this hourly rate falls significantly below the standard lodestar recognized by this Court of $175.00 an hour. However, it is inappropriate for this Court to increase the lodestar in the instant case as the IRS is bound by its pleading.

**11.** The Debtor largely rebuts the IRS's request for fees by arguing in Debtor's Objection that the IRS has not incurred any attorney's fees because the attorney that worked on the case is a full time employee of the government and gets paid a salary. This Court finds the argument without merit as the Debtor offers no legal precedent to support this contention.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that monetary sanctions are hereby imposed on the Debtor in the amount of $8,807.21, $7,748.21 representing reasonable attorney's fees and $1,059.00 representing reasonable travel expenses.