**In re IAMEC FUNDING, INC., Debtor.**

**Bankruptcy No. 99–507–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 2, 1999.

See also 234 B.R. 539.

Andrew S. Forman, Tampa, FL, for debtor.

Timberlake Annex, Tampa, FL, Assistant U.S. Trustee.

Foley & Lardner, Mark J. Wolfson, Tampa, FL, for movant.

### ORDER ON MOTION TO IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case in which in the Order of Dismissal entered by this Court on January 25, 1999, reserved jurisdiction to consider the factual and legal basis to impose sanctions and, if sanctions are to be imposed, to determine the appropriate sanctions. This aspect of the case was set for hearing and, subsequent to the hearing, Ocwen Federal Bank, F.S.B. (Bank) submitted a request for monetary sanctions in the amount of $6,293.50 for fees and costs against IA-MEC Funding, Inc. (Debtor) and Andrew S. Forman, Debtor's counsel (Mr. Forman).

The Motion does not state the basis for imposition of sanctions and, although the Motion does not specifically allege a violation of F.R.B.P. 9011, the Motion appears to seek the imposition of sanctions on the basis that the Chapter 11 Petition was filed in bad faith. The ultimate question is whether this Court may impose sanctions pursuant to § 105 of the Code. The inherent power of the courts regarding the ability to impose sanctions was well articulated in *Chambers v. NASCO*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (power to punish for contempt and bad-faith conduct inherent in all courts). Clearly the abuse of the judicial system to achieve an improper purpose is sanctionable.

This Court previously found the following: 1) that the Debtor filed its Chapter 11 Petition for the sole, limited purpose of frustrating the Bank's enforcement of its legitimate interest against the Psychiatric Hospital known as Greenbriar; 2) that the Debtor never owned any of the assets of Greenbriar and its only interest, albeit very remote, was that it was a prospective purchaser of the stock of Psychiatric Hospital of Hernando, Inc.; and, 3) that the Petition was in fact nothing more than an impermissible attempt to make an end-run against the prohibition to modify a plan which has been substantially consummated. Moreover, it is clear that on the date this Chapter 11 case was filed, this Debtor no longer owned any of the stock in Psychiatric Hospital of Hernando, Inc. which was then owned by an entity known as BioGenetic. From the foregoing, it is abundantly clear that the Debtor's Petition was filed in bad faith and therefore, its filing was an abuse of the judicial system.

Having considered the Bank's submission, this Court is satisfied that it is appropriate to impose a monetary sanction against the Debtor and counsel of record in the amount of $5,000.00.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that monetary sanctions in the amount of five thousand dollars ($5,000.00) be imposed against IAMEC Funding, Inc., and Andrew S. Forman, Esquire, jointly and severally, for violation of F.R.B.P. 9011. It is further

ORDERED, ADJUDGED AND DE-CREED that the sanctions imposed by this Order shall be paid to counsel for Ocwen Federal Bank within 30 days from the date of this Order.