In re CONRAD, Robert F., Debtor.

No. 00–00012–9P3.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 7, 2002.

Judgment Creditors), on June 21, 2000 and June 14, 2001 respectively, in the bankruptcy case of Robert F. Conrad (Debtor). Notwithstanding the several motions, the ultimate issue before this Court is the amount of sanctions to be imposed on the Debtor and then counsel of record, Richard Hollander, if any, and in connection with the Motions, as part of the sanctions, to compel the turnover of funds still held by Continental Airlines by virtue of a writ of garnishment that were not released.

In order to understand the history of this case, a summary of the pleadings filed to date, the legal theories and arguments asserted by the parties, and a synopsis of this Court's rulings are as follows:

*Part I: The Original Judgment and Previous Bankruptcy Filings*

Prior to the initiation of this Chapter 13 Case, the 13 Judgment Creditors (at that time thirty-nine disappointed investors) initiated an adversary proceeding in the United States Bankruptcy Court, in the Central District of California against the Debtor seeking to except from discharge damages claimed to have been suffered by the disappointed investors as a result of alleged fraud of the Debtor. On May 24, 1994, the Honorable Geraldine Mund entered a judgment in favor of the thirty-nine disappointed investors (the Judgment Creditors) jointly, and not jointly and severally, and against the Debtor in the amount of $6,563,43.69, plus costs (California Judgment). However, the bankruptcy court failed to make a determination of whether or not the amount of the California Judgment award was or was not within any of the exceptions of discharge under Section 523 of the Bankruptcy Code, which was the precise relief sought by the Judgment Creditors.

Steven M. Berman, Berman & Norton Breman, P.A., Tampa, FL, for Debtor.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

**ORDER AWARDING SANCTIONS AND ORDER REGARDING MOTIONS FILED BY JUDGMENT CREDITORS**

(Doc. No. 45 & 97)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The specific matters under consideration, in this never ending confusing case, are Amended Motion to Partially Alter or Amend Order on Motion to Dismiss Bankruptcy Case and Order on Motion to Strike Motion to Dismiss and for Award of Sanctions (Doc. No. 45) and Motion for Reconsideration of Issue of Garnishment Monies to 13 Judgment Creditors in Order of August 11, 2000 and/or as a Form of Monetary Sanctions (Doc. No. 97), both filed by the Thirteen Judgment Creditors (13

Prior to the commencement of this case, the Debtor filed his first bankruptcy case, in which the California Judgment was entered, which was ultimately closed without disposition of a grant or denial of the Debtor's general discharge. Subsequent, while the California case was still pending, the Debtor filed a Petition for Relief in Hawaii in order to stop the garnishment of his wages by the Judgment Creditors. The bankruptcy court dismissed, with prejudice, the case based on a finding of bad faith. Thereafter, the Debtor filed his second Petition in Hawaii, notwithstanding the previous dismissal with prejudice. The case was also dismissed, however without prejudice.

*Part II: The Dismissal of this Chapter 13 Case*

The Debtor filed his fourth Voluntary Petition (Doc. No. 1) on January 3, 2000 in this Court, and initiated this case under Chapter 13 of the Bankruptcy Code. On the same date, the Debtor filed his Chapter 13 Plan. On April 3, 2000, the thirteen of the original thirty-nine Judgment Creditors filed Motion to Dismiss Bankruptcy Case (Doc. No. 11). The basis for the Motion to Dismiss, was two-fold: (1) that the "Debtor failed to qualify for Chapter 13" and (2) that the "case was not filed in good faith." In the Motion to Dismiss, the 13 Judgment Creditors also sought the imposition of attorney's fees and costs incurred as a monetary sanction, without specifying whether or not they were sought against the Debtor or his attorney.

On April 17, 2000, the Debtor filed Response to Thirteen Creditors' Motion to Dismiss Bankruptcy (Doc. No. 19) and on May 5, 2000, the Debtor filed Amended Response to Motion to Dismiss (Doc. No. 32). In the Responses, the Debtor generally denied the allegations alleged in the Motion to Dismiss and in support stated that (i) the 13 Judgment Creditors were barred by *Florida Statutes* § 95.11 to enforce their judgment against the debtor; (ii) there was no "bad faith"; (iii) the 13 Judgment Creditors did not have standing to file the Motion to Dismiss; and (iv) the "claims and debts due to the moving creditors were discharged on November 2, 1999" in the California.

Following a hearing to consider the Motion to Dismiss and Responses, on May 26, 2000, this Court entered "Order On Motion to Dismiss Bankruptcy Case (Doc. No. 11) And Order on Motion to Strike Motion to Dismiss Bankruptcy Case (Doc. No. 37A)" (Doc. No. 42) (Dismissal Order). This Court was satisfied that the Debtor was not eligible to seek relief under Chapter 13 of the Bankruptcy Code, the first basis sought under the Motion to Dismiss and specifically did not rule on the second basis, for bad faith. In the Dismissal Order, this Court specifically determined that *Florida Statutes* § 95.11 did not bar the 13 Judgment Creditors from asserting their claim in this Bankruptcy Case, and determined that the 13 Judgment Creditors did have standing to assert claims as against the Debtor. The Dismissal Order did not refer to any award of attorneys' fees and costs.

*Part III: Award of Sanctions*

Following the entry of the Dismissal Order, both parties, having been aggrieved by this Court's decision, attacked the Dismissal Order by filing (1) Motion to Alter (Doc. No. 43) and Amended Motion to Alter (Doc. No. 45), by the 13 Judgment Creditors and (2) Notice of Appeal, by the Debtor. In the Motion to Alter, the 13 Judgment Creditors sought sanctions against the Debtor in the form of attorneys' fees and costs expended, and requested this Court compel Continental Airlines to pay monies withheld since the

filing by virtue of a writ of garnishment obtained by the Judgment Creditors, as a form of additional sanctions.

Originally, on August 11, 2000, this Court entered "Order On Amended Motion to Partially Alter or Amend Order on Motion to Dismiss Bankruptcy Case and Order on Motion to Strike Motion to Dismiss and Award of Sanctions (Doc. No. 45)" (Doc. No. 49) (Sanction Order). In the Sanction Order, this Court determined that monetary sanctions were appropriate against the *Debtor*, in the form of attorneys' fees and costs but denied the request to order Continental Airlines to release the garnished funds for lack of jurisdiction. The Sanction Order also set for final evidentiary hearing the issue of the amount of sanctions to be awarded as against the Debtor only.

In the Motion to Alter, the 13 Judgment Creditors sought monetary sanctions only against the Debtor. In the Amended Motion to Alter, the 13 Judgment Creditors sought monetary sanctions against not only the Debtor but also the Debtor's counsel of record at that time, Richard Hollander based on F.R.B.P. 9011 and the inherent powers of the court. Although the Sanction Order's title referred to the Amended Motion to Alter, the body of the Sanction Order and the Motion under consideration was the Motion to Alter.

This "clerical mistake" was brought to the Court's attention by the filing of Motion to Correct Clerical Mistake in Order Awarding Sanctions (Doc. No. 53), filed on September 18, 2000 by the 13 Judgment Creditors. This Court granted the same on September 28, 2000, with the entry of Order Granting Motion to Correct Clerical Mistake (Doc. No. 58), thereby correcting the clerical error.

The 13 Judgment Creditors also sought reconsideration of this Court's ruling in the Sanction Order by filing Motion for Reconsideration (Doc. No. 97). In the Motion for Reconsideration, the 13 Judgment Creditors asserted that this Court should award as sanctions the garnished funds that the creditors would have received but for the several filings. On July 12, 2000, this Court granted the Motion for Reconsideration with the entry of an Order (Doc. No. 106), and set for hearing the merits of the same. This issue is also presently before this Court.

*Part IV: Withdrawal of Debtor's Counsel*

To complicate matters, on October 23, 2000, Richard Hollander filed Motion to Withdraw (Doc. No. 62) and on November 20, 2000, Edward R. Miller also filed Motion to Withdraw as Attorney for Debtor (Doc. No. 69). In between the filing of these two motions, this Court entered an Order (Doc. No. 65) scheduling a final evidentiary hearing to consider the amount of sanctions against the Debtor and the award, if any, against Mr. Hollander. As a result of the two Motions to Withdraw, on November 14, 2000, this Court entered an Order (Doc. No. 68) indefinitely deferring the final evidentiary hearing to consider the amount of the award of sanctions against the Debtor and the award, if any, against Mr. Hollander.

*Part V: California Bankruptcy Case Revisited*

During the pendency of this case, Hollander, counsel for the Debtor, sought to reopen the first California bankruptcy case, which was reopened and a discharge was entered. At that point, it should be noted that the dischargeability *vel non* of the California Judgment was still not resolved; however, when the Debtor sought clarification of the original judgment and asked the California court to rule on the dischargeability *vel non* and the severability of the judgment, the bankruptcy court

ruled on the issue of dischargeability and determined that the judgment is a nondischargeable debt but declined to rule on the severability of the judgment as to each of the plaintiffs.

In the last analysis, disregarding the mess of motions and confusing manner which they are presented, this Court is satisfied that the only issues to be resolved are as follows: (1) the amount of the award of sanctions against the Debtor; (2) an award, if any, in the form of sanctions against counsel for the Debtor; and (3) reconsideration of the Sanction Order with respect to not awarding the garnishment funds as an additional award of sanctions.

■ Considering first, the appropriate sanctions if any to be imposed on the Debtor, this record leaves no doubt that the sole purpose of the Debtor's initiation of this Chapter 13 Case was to avoid payment of the California Judgment. This is not a bona fide attempt to adjust the debts, in general, of this Debtor for the simple reason that other than the judgment entered against him in California, the only scheduled debts include Robert J. Conrad, the father of the Debtor with a claim in the amount of $35,000 and JC Penney, with a claim in the amount of $158, which no doubt has been paid since. *See* 11 U.S.C. § 1301 *et seq.* *See also In re Davis*, 239 B.R. 573 (10th Cir. BAP 1999)(Chapter 13 case dismissed for bad faith where debtor filed case on heels of chapter 7 discharge in attempt to be relieved of nondischargeable debt); *In re Beauty*, 42 B.R. 655 (E.D.La.1984)(Chapter 13 case dismissed for lack of good faith where the ostensible purpose of plan was to restructure nondischargeable debts which survived the Chapter 7 case and not to deal fairly with all creditors); *In re Hurdle*, 11 B.R. 304 (Bankr.E.D.Va.1981); *In re Beaver*, 2 B.R. 337 (Bankr.S.D.Ca. 1980). In order to impose sanctions, there

must be a finding of the abuse of the system, or the filing for an improper purpose. Clearly, the sole purpose to prevent the enforcement of the California Judgment and not to adjudicate the debts in general, is clear evidence of an abuse by this Debtor, especially in light of the fact that this is the fourth attempt by the Debtor to pursue this goal.

■ It is now well established that Federal courts, including bankruptcy courts, have the inherent power to impose sanctions under appropriate circumstances. *Chambers v. NASCO*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *In re Mroz*, 65 F.3d 1567 (11th Cir.1995). However, as stated by the Supreme Court,

> [b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.

*Chambers*, 501 U.S. at 44–45, 111 S.Ct. 2123.

■ It has been generally accepted that Section 105 of the Bankruptcy Code is broad enough to authorize the bankruptcy court to sanction a litigant or its attorney. This Section provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105 creates a statutory contempt power in addition to the court's inherent contempt powers in bankruptcy proceedings. This Court has the power to impose monetary sanctions where there is sufficient evidence to demonstrate an abuse of the judicial system to achieve an improper purpose by the debtor. *In re IAMEC Funding, Inc.*, 236 B.R. 490 (Bankr.M.D.Fla.1999); *In re Singer Furniture Acquisition Corporation*, 265 B.R. 458 (Bankr.M.D.Fla.2001); *In re Graffy*,

233 B.R. 894 (Bankr.M.D.Fla.1999). Congress expressly granted bankruptcy courts independent statutory powers in bankruptcy proceedings to "achieve the orderly and expeditious disposition of cases." *Jove Engineering, Inc., v. I.R.S.*, 92 F.3d 1539, 1553 (11th Cir.1996).

■ Concerning the imposition of sanctions against Hollander, the 13 Judgment Creditors seek to impose sanctions pursuant to F.R.B.P. 9011. This rule provides in pertinent part as follows:

a party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

F.R.B.P. 9011.

There is nothing in this record to warrant the finding that there is any document signed in this case by Hollander or his partner which contained incorrect facts. Neither, there is anything in this record to find that counsel for the Debtor urged this Court to accept that the relief sought was not supported by existing law or a good faith argument that could have been advanced to change existing law. The fact that this Court rejected the proposal urged by counsel for the Debtor is insufficient to impose sanctions against Hollander. The legal theories were fairly debatable and not totally unsupported by existing law. The fact that Hollander scheduled each Judgment Creditor in the zero amount, which should have been indicated to be disputed, but the zero amount might have been justified because the California Judgment was jointly in favor of all thirty-nine plaintiffs. Thus, one could not determine the amount of the judgment entered in California for each and every one of the original Judgment Creditors, certainly it cannot be determined how much each of these particular plaintiffs were owed. Accordingly, this Court has determined that it is not appropriate to award sanctions against Hollander.

■ This leaves for consideration sanctions against the Debtor. This Court reaffirms its previous decision as set forth in the Sanctions Order, that the evidence supports an award of sanctions to the 13 Judgment Creditors against the Debtor, and there is nothing in this record to warrant a change of its previous conclusions. This Court has determined that attorneys' fees and cost incurred to litigate dismissal of this case, together with some subsequent fees and costs as a direct result of this filing are appropriate. However, a sanction against the Debtor for the litigation before the Honorable Mund is inappropriate because that was litigation, regarding the dischargeability *vel non* of the California Judgment, is not an item for which sanctions should be awarded.

The Court has reviewed the declarations of Vin A. Fichter and John H. Mueller with respect to the attorneys' fees and

costs expended on behalf of the 13 Judgment Creditors. Upon consideration of the same, together with the record, this Court finds that attorneys' fees for services rendered by Mueller in the total amount of $33,275.50 and reasonable costs in the amount of $2,178.36 are awarded as a form of sanctions against the Debtor. As to Fichter, this Court finds that attorneys' fees for services rendered by him in the amount of $25,000 and reasonable costs in the amount of $4,345.49 are awarded as a form of sanctions against the Debtor. This Court approved Fichter to appear *pro hac vice* on April 17, 2000. Substantial amounts of legal research, pleading filings and appearances at hearings were made by Mueller, who also sought and is being awarded attorneys' fees and costs. Fichter's active participation overlapped with Mueller's services, and is excessive. As this is an award of attorneys' fees and costs as a sanction against the Debtor, this Court is disinclined to award all fees and costs incurred.

Finally, based upon the record, this Court has determined that the Motion for Reconsideration is without merit and this Court will not compel Continental Airlines to pay monies withheld since the filing with respect to the garnishment of the Debtor's income, as a form of sanctions.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the award of sanctions in the form of attorneys' fees and costs against the Debtor are as follows: (a) attorneys' fees for services rendered by Mueller in the total amount of $33,275.50 and reasonable costs in the amount of $2,178.36 or a total of $35,453.36 and (b) attorneys' fees for services rendered by Fichter in the amount of $25,000.00 and reasonable costs in the amount of $4,345.49 or a total of $29,345.49. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Alter (Doc. No. 43) and Amended Motion to Alter (Doc. No. 45) be, and the same are hereby, granted in part and denied in part, granted to the portion that awards reasonable fees and costs in the form of sanctions against the Debtor and denied as any award of sanctions against counsel for the Debtor, Richard Hollander. It is further,

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration (Doc. No. 97) be, and the same is hereby, denied. There is no award of sanctions against the Debtor in the form of the garnished funds. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor be, and the same is hereby, directed to make payment to Mueller and Fichter in the amounts allowed as set forth in this Order within thirty (30) days from the entry of this Order. If the Debtor fails to do so, the 13 Judgment Creditors are entitled to obtain a money judgment in the amount of the sanctions in favor of Mueller and Fichter, for which let execution issue.