**In re CONRAD, Robert F., Debtor.**

**No. 00–00012–9P3.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 19, 2002.

Steven M. Berman, Berman & Norton Breman, P.A., Tampa, FL, for Debtor.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

## *ORDER DENYING (1) EMERGENCY MOTION TO VACATE ORDER OF DISMISSAL AND REOPEN CASE, (2) AMENDED MOTION TO VACATE ORDER OF DISMISSAL AND TO REOPEN CHAPTER 13 CASE, AND (3) MOTION TO DISMISS*

ALEXANDER L. PASKAY, Bankruptcy Judge.

(Doc. Nos. 131, 173 & 11)

This is the next matter under advisement in this convoluted Chapter 13 Case of Robert F. Conrad (Debtor), originally filed in this Court on January 3, 2000. Without revisiting the turbulent history of the litigation in detail between the original thirty-nine judgment creditors, subsequently reduced to thirteen judgment creditors, who were originally participating out of which twelve are now participating in this Chapter 13 case (Judgment Creditors), suffice to state that the precise matter under consideration at this time are the following motions: (1) Emergency Motion to Vacate Order of Dismissal and Reopen Case (Doc. No. 131) and Amended Motion to Vacate Order of Dismissal and to Reopen Chapter 13 Case (Doc. No. 173), both filed by the Debtor and (2) Motion to Dismiss (Doc. No. 11), filed by the Judgment Creditors.

The current matter is presented by the Debtor pursuant to Federal Rule of Civil Procedure 60(b), as adopted by F.R.B.P. 7060(b). In his Motion, the Debtor contends that the judgment entered in California against the Debtor, jointly and not severally, is legally unenforceable and therefore, this Debtor is eligible for relief under Chapter 13, contrary to the original Motion and Order which granted the Motion that dismissed this Chapter 13 case, based solely on the proposition that the Debtor's unsecured debt, in this instance, the judgment, was in excess of the statutory cap placed by Section 109(e) of the Bankruptcy Code.

The original Order of Dismissal (Doc. No. 42), entered on May 26, 2000, did not consider whether or not the Chapter 13 case should have been dismissed on the alternative ground urged by the Judgment Creditors, which was that the Petition was filed in bad faith. However, on March 7, 2002, this Court entered an Order (Doc. No. 209) on Motion to Impose Sanctions, and specifically found that the Petition was

filed in bad faith, which in turn warranted the imposition of sanctions against the Debtor.

This leaves for consideration the procedural dilemma posed by the current Motions under consideration which seek to have this Court vacate its Order of Dismissal and reinstate the Chapter 13 Case, as asserted by the Debtor and then consider again dismissal of the Chapter 13 case, as asserted by the Judgment Creditors, based on bad faith. Should this Court grant the Motion to reinstate the currently dismissed Chapter 13 Case based on the fact that the unsecured debts do not exceed the statutory cap, as the Debtor theoretically would then be eligible for relief under Chapter 13 of the Bankruptcy Code. And, should this Court then schedule an additional hearing to consider the alternative basis for dismissal urged by the Judgment Creditors, that the Petition was filed in bad faith. Concerning this record, this would be an unwarranted and unnecessary use of judicial power in light of the fact that this Court already made a specific finding when it ruled on the Motion to Impose Sanctions that this Petition was filed in bad faith. This Court is satisfied that this represents the law of the case, and for that reason, the Motion to reinstate the dismissed Chapter 13 Case would not be warranted. The Motion to reinstate pursuant to F.R.B.P. 7060(b) is hereby denied. Accordingly, the Chapter 13 Case remains dismissed on the basis that the Petition was filed in bad faith.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion to Vacate Order of Dismissal and Reopen Case (Doc. No. 131) and Amended Motion to Vacate Order of Dismissal and to Reopen Chapter 13 Case (Doc. No. 173) be, and the same are hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss (Doc. No. 11) be, and the same is hereby, denied as moot. This Court's previous finding of bad faith remains in full force and effect, and this Chapter 13 Case remains dismissed.