**In re Kevin ADELL, Debtors.**

**No. 9:03–bk–23684–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

March 28, 2007.

Russell M. Blain, Elena P. Ketchum, Stichter, Riedel, Blain & Prosser, Dawn A. Carapella, Trenam, Kemker, Scharf, Barkin, et al, Roberta A. Colton, Richard H. Malchon, Jr., Asher Rabinowitz, Ruden, McClosky, Smith et al, Tampa, FL, Bodman, Longley & Dahling, LLP, Detroit, MI, for Debtors.

### ORDER ON MOTION FOR RECONSIDERATION OR REHEARING ON ORDER DENYING AMENDED MOTION TO IMPOSE SANCTIONS

(Doc. No. 888)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration is the next phase of a seemingly endless legal feud between John Richard Homes Building Company, LLC, (JRH) and Kevin Adell (Adell), a Debtor, who was formerly before this Court as a Chapter 11 debtor, and who, on May 12, 2005, converted his Case to a case under Chapter 7. On October 4, 2005, Adell's Chapter 7 Case was ultimately dismissed. The genesis of the controversy currently under consideration is an Opinion and Order entered by the United States District Court for the Middle District of Florida, Fort Myers Division (District Court) on December 27, 2006, which held that the Appellant's Motion to Remand the Contested Matter to the Bankruptcy Court was granted and the appeal is remanded to the Bankruptcy Court to revisit the Motion for Sanctions on the merits, or to indicate that its prior order was based on the merits as well as lack of jurisdiction.

The turbulent history of litigation between these parties is extensive and has been reported in several decisions by this Court and by the District Court. The procedural history which led to the immediate matter under consideration includes: 1) the Order Denying Amended Motion to Impose Sanctions, entered by this Court on April 7, 2006 (Doc. No. 884), and 2) the Order Denying Motion for Rehearing or Reconsideration, entered by this Court on April 21, 2006 (Doc. No. 898).

The relevant events preceding the matter under consideration can be summarized as follows. On June 24, 2002, Adell, who was suing JRH in the state court, being frustrated by the slow progress of that litigation, commenced, on the advice of counsel, an involuntary bankruptcy petition against JRH under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (Michigan Bankruptcy Court). On July 15, 2002, the Michigan Bankruptcy Court dismissed the involuntary petition

and reserved jurisdiction to award sanctions.

Following the dismissal, JRH commenced proceedings against Adell in the Michigan Bankruptcy Court for an award under Section 303(i) of the Bankruptcy Code for filing the case in bad faith. On April 25, 2003, the Michigan Bankruptcy Court awarded JRH a Judgment in the amount of $6,413,230.68, which was comprised of $4,100,000 in compensatory damages, $2,000,000 in punitive damages, and $313,230.68 as attorneys' fees (Sanctions Judgment). Adell appealed the Sanctions Judgment but was unsuccessful in obtaining a stay pending appeal from either the United States District Court for the Eastern District of Michigan or the Sixth Circuit Court of Appeals.

While the Sanctions Judgment was on appeal, JRH immediately commenced aggressive collection activities on the Sanctions Judgment against Adell. JRH initiated garnishment proceedings against Adell's employers, Adell Broadcasting Corporation (Adell Broadcasting) and STN. com, Inc. (STN). Both Adell Broadcasting and STN filed their respective Answers, claiming under oath that neither of them was indebted to Adell. JRH obtained an Order from the Michigan Bankruptcy Court on May 21, 2003, which granted JRH's Motion for Post–Judgment Relief, Including an Injunction Prohibiting Adell from Transferring Assets. On September 17, 2003, the Michigan Bankruptcy Court entered an Order (Homestead Order) determining that the newly-acquired homestead purchased by Adell in Naples, Florida did not qualify as homestead property and ordered Adell to sell the property within 60 days. A few days before the deadline to comply with the Homestead Order, in the absence of any other remedies for saving his homestead, Adell filed his first Petition for Relief in this Court on November 14, 2003, under Chapter 11 of the Bankruptcy Code.

Initially, JRH moved to transfer Adell's bankruptcy back to the Michigan Bankruptcy Court, which was at this point in time in the process of handling the post-judgment proceedings against Adell. Having failed to obtain a transfer to the Michigan Bankruptcy Court, JRH tried to transfer the case to a different judge in the Middle District of Florida (Middle District). Finally, having failed in its goal to transfer the case to the Michigan Bankruptcy Court or to another judge in the Middle District, JRH filed its first Motion to Dismiss the Chapter 11 Case of Adell on February 10, 2004 (Doc. No. 145). This Court, after extensive hearings, entered its Order Denying Motion to Dismiss with its published Opinion entered on May 28, 2004 (Doc. No. 287).

Within 100 days of filing, Adell filed his first Plan of Reorganization which proposed to pay the judgment of JRH in full over time once the Sanctions Judgment became final and no longer appealable. Realizing that the Plan was not acceptable to JRH, Adell amended the Chapter 11 Plan to provide an accelerated payment of the Sanctions Judgment, with interest, and to secure the payment with a $3 million dollar cash escrow deposit. This proposition was equally rejected by JRH, who in the interim instituted an action in the Michigan Bankruptcy Court to impose sanctions against the employers of Adell, Adell Broadcasting and STN, for the full amount of the Sanctions Judgment jointly and severally. JRH's claim against both Adell Broadcasting and STN was based on the assumption that Adell Broadcasting and STN had filed fraudulent responses to a claim of garnishment under Michigan law. JRH's claims were ultimately rejected by the Michigan Bankruptcy Court by an Order entered August 8, 2006, denying

JRH's Motion for Judgment Against STN. com and Adell Broadcasting Corp., Garnishee Defendants. On October 27, 2004, this Court entered an Order denying Adell's Fourth Amended Chapter 11 Plan and set a hearing for November 18, 2004, to consider a dismissal of the bankruptcy case (Doc. No. 455). This Order was challenged by Adell, who filed a Motion for Reconsideration on November 5, 2004 (Doc. No. 461). On March 22, 2005, this Court entered its Order on the Motion for Reconsideration (Reconsideration Order) and concluded that:

> Thus, it is clear that the goal of this Debtor seeking protection under Chapter 11 was a well recognized legitimate goal and proper use of the Code provisions designed by Congress to assist debtors who are faced with the real possibility of losing the family home to a judgment creditor. In this instance this Court has ruled that the Judgment Lien of JRH may be avoided by the Debtor under Section 522(f)(1) of the Bankruptcy Code. Therefore, it is appropriate to grant the Debtor an additional opportunity to file a new Plan of Reorganization and to obtain confirmation provided that the new Plan meets all of the requirements of Section 1129(a) of the Code.

In response to the Reconsideration Order, Adell proposed a Plan to place $7,000,000 million in escrow to be used to satisfy the Sanctions Judgment if it was affirmed on appeal. The Plan as proposed by Adell was to be funded by his employers and by a mortgage on Adell's homestead. Although this proposition would have paid JRH's claim in full, in the interim, the District Court considering the appeal filed by JRH of this Court's Order denying the initial Motion to Dismiss the Chapter 11 Case based on bad faith filing, reversed this Court's Ruling and held that the denial was in error and the Chapter 11 Case should be dismissed.

However, before an order dismissing the case could be entered, Adell filed his Notice of Voluntary Conversion to a case under Chapter 7 on May 12, 2005 (Doc. No. 607). On May 17, 2005, this Court entered its Order converting Adell's Chapter 11 Case to a case under Chapter 7 (Doc. No. 615). On July 22, 2005, JRH filed its second Motion to Dismiss (Doc. No. 677). On October 4, 2005, this Court entered its Order granting the Motion to Dismiss the Chapter 7 Case of Adell (Doc. No. 784).

On October 9, 2005, Adell sought for the second time a stay of enforcement of the Judgment and again offered to pay the $7 million dollar bond. Adell's efforts were of course opposed by JRH and on November 1, 2005, the Sixth Circuit denied his renewed stay motion.

On February 14, 2006, this Court entered its Order Reaffirming Order on Motion to Dismiss and denied the Debtor's Emergency Motion for Reconsideration and Motion for Stay Pending Reconsideration or Appeal (Doc. No. 859). Thus, as a result of this Court's Order Reaffirming Order on Motion to Dismiss and denying reconsideration, Adell's attempt to obtain relief in this Bankruptcy Court came to a screeching halt.

As a result of the foregoing, Adell borrowed the funds from his father, through his father's company and on April 3, 2006, Adell paid the Sanctions Judgment in full, plus interest, into the registry of the Michigan Bankruptcy Court. Adell has also sought to dismiss all proceedings and appeals relating to his bankruptcy case and the judgment based on sanctions. Furthermore, Adell has negotiated payment plans with his remaining creditors and other professionals.

In addition to the above, JRH has filed in the Michigan Bankruptcy Court a mo-

tion for additional damages and a motion for attorneys' fees, citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The Michigan Bankruptcy Court denied both motions and JRH has appealed those decisions.

■ Basically these are the salient facts based on which this Court now must consider the Amended Motion to Impose Sanctions filed by JRH. Both JRH and Adell quote different portions of this Court's findings for obvious reasons. Some language would certainly support a finding that it was basically a two-party dispute and the sole reason for Adell filing his Chapter 11 Case was to delay JRH's attempt to enforce its Sanctions Judgment against Adell's homestead. On the other hand, in the Order Denying Motion to Dismiss, this Court noted that

It is not unusual, as a matter of fact, it is quite common that debtors who are about to lose their homes seek refuge in the court of last resort, which is the Bankruptcy Court. While it is true that this happens as a general rule in Chapter 13 case, there is nothing in the Bankruptcy Code, which prohibits an individual debtor who is eligible for relief under Chapter 11, to file a Petition for the same reason, even if that is the paramount and at times, the only reason to do so .... it is clear that basically there is no difference when a debtor files a Petition to save the home when it is threatened by loss by a judgment creditor who is aggressively pursuing an attempt to obtain satisfaction of a judgment by liquidating all assets of the debtor, including the family home, or when the loss of the home is at a foreclosure sale. The fact that the debtor is able to pay his debts as they mature and that the debtor is solvent is of no consequence, especially when the debtor is rendered hopelessly insolvent by the en-

try of a money judgment in a very large amount.

JRH relies on the case of *In re Conrad,* 279 B.R. 320 (Bankr.M.D.Fla.2002), *aff'd.* 279 B.R. 326 (Bkrtcy.M.D.Fla.2002), which involved a debtor who was attempting to evade a restitution judgment by filing bankruptcy in several jurisdictions. After numerous unsuccessful filings, the debtor filed a fourth bankruptcy under Chapter 13 in Florida. The debtor's case was ultimately dismissed on the basis that the liability to the victims of his fraud exceeded the statutory cap. This Court is satisfied that Adell's conduct was in no way comparable to that of the debtor in *Conrad.*

JRH also relies heavily on the proposition that Adell ran to Florida to escape liability by converting his non-exempt assets to exempt assets by purchasing the homestead. It requires no elaborate discussion that under *Havoco of America, Ltd. v. Hill,* 790 So.2d 1018 (Fla.2001), Adell had an absolute right to purchase his home in Florida and claim it as homestead. Nonetheless, the homestead exemption claim was also challenged by JRH. In due course, this Court considered the challenge and overruled JRH's objection to the Debtor's homestead claim.

■ It should be noted that the imposition of sanctions is a matter of discretion, and this Court had the power and authority to deny the Motion in order to permit Adell's attempt to resolve this problem within the confines of Chapter 11. The fact that Adell failed to obtain confirmation and his case was ultimately dismissed is of no consequence in considering the JRH's Motion to Impose Sanctions. Adell rightfully relied on this Court's approval to pursue all available means to save his homestead. The post-filing litigation for which JRH now seeks sanctions was primarily initiated by JRH, who relentlessly pursued its claim and objected to the

Debtor's every attempt to achieve rehabilitation through confirmation of his Chapter 11 Plans.

This Court is satisfied that Adell attempted to pursue a legitimate goal within the utmost of his ability and, therefore, to impose a sanction would be a double punishment in addition to the $2 million judgment imposed by the Michigan Bankruptcy Court. In addition, considering the totality of the circumstances, this Court is satisfied that the Order entered by this Court was on the merits and, therefore, any further sanctions would be improper.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration or Rehearing on Order Denying Amended Motion to Impose Sanctions filed by John Richard Homes Building Company, LLC (Doc. No. 888) be, and the same is hereby, denied.

DONE AND ORDERED.